## COMMERCIAL NATIONAL BANK OF CHICAGO

v.

## MANUFACTURERS EQUITABLE ASSOCIATION, use, etc.

20   133
167s  524

GARNISHMENT—CORPORATION—ALLEGED TRUST FUND.—Where a suit in attachment was brought against an association and a bank was summoned as garnishee, and it was insisted that the money in the bank was a trust fund, the equitable ownership of which was in the members of the association in proportion to their respective rights, and therefore that it should not be applied to the satisfaction of a judgment against the association in favor of one of its members, *held*, that since in a suit at law by the association against the bank to recover the amount of said deposit none of the equitable matters attempted to be set up in the garnishee's answer could have been pleaded in defense, they are not available in this proceeding.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed July 28, 1886.

Messrs. SLEEPER & WHITON, for appellant; that under garnishee proceedings, equitable attachment or creditor's bill, a party can not reach or have applied to payment against his debt or demand against his debtor, money or property which his debtor holds in trust for him, or for him and others or wholly for other parties, cited Waples' Attachment and Garnishment, 197, 199; Chapin v. Connecticut River R. R. Co., 16 Gray, 69; Gould v. Newburyport R. R. Co., 14 Gray, 472; Meadowcroft v. Agnew, 89 Ill. 469; Robinson v. Lester, 83 Ill. 55; Willard v. Sturtevant, 7 Pick. 18; Providence County Bank v. Benson, 24 Pick. 204.

Messrs. DUPEE, JUDAH & WILLARD, for appellee; that the defense set up is not available to a garnishee, or in a court of law, cited C. & St. L. R. R. Co. v. Holbrook, 92 Ill. 297; Hopkins v. Medley, 99 Ill. 509; Merrick v. Peru Coal Co., 61 Ill. 472; Kelderhouse v. Hall, Chicago Legal News, Jan. 30, 1886.

BAILEY P. J.   In this case, the Iowa Barb Steel Wire Company commenced a suit by attachment, in the Superior Court of Cook county, against the Manufacturers' Equitable Association, a corporation organized under the laws of this State, to recover an indebtedness of $9,452.47, and caused the Commercial National Bank of Chicago to be summoned as garnishee.   A judgment was afterward entered by default, on personal service, against said association, for the amount of said indebtedness, and the answer of the garnishee disclosing that said association was a depositor and had an account with the garnishee as a banker, upon which there was a credit balance of $1,107.36, a judgment was entered in favor of said association, for the use of said wire company, against the garnishee, for that sum, and the garnishee brings the record to this court by appeal.

It can not be doubted that the admission of indebtedness in the answer is sufficient to charge the bank as garnishee, and the burden is thus thrown on the bank to show sufficient facts to discharge itself.   McCoy v. Williams, 1 Gilm. 584; Wright v. Ford, 5 N. H. 178.   The only question in the case is whether it has succeeded in doing so.

By way of attempting to show that the money in its hands belonging to the association should not be subjected to the payment of said judgment, the answer alleges in substance, that said association is a corporation composed of the various individuals, firms and corporations engaged in the manufacture and sale of barbed wire under licenses from the patentees, said wire company being one of such members, and that the object of said association, as expressed in its certificate of organization, is the equitable distribution of funds arising from the manufacture and sale of the products made by its members, and for purchasing of rights under letters patent; that by agreement between the members of said association, it was provided that each member should .pay into its treasury each month one and one half cents per pound for all the wire sold by them respectively, and that the money so paid should be distributed back to the members, less the operating expenses of the association, in proportion to the number of tons per year

which their several licenses permitted them to manufacture and sell. It is further alleged that the moneys in the bank to the credit of the association, are a portion of the moneys paid to it by its members under said agreement; and appended to the answer is a statement showing the condition of the accounts between the association and its several members under the agreement, from which it appears that there was a credit balance in favor of said wire company of $9,452.47, and the record shows that it was for that balance that the judgment above mentioned in favor of said wire company was rendered. It is insisted that the money in the bank is a trust fund, the equitable ownership of which is in the members of the association in proportion to their respective rights, and that for that reason it should not be applied to the satisfaction of a judgment against the association in favor of one of its members.

We do not deem it necessary to attempt to define the exact legal relation shown by the garnishee's answer to exist between said association and its members, or the precise character in which the association undertook to receive from its members their several contributions and distribute them back upon the basis fixed by their contract. Admitting that it was a mere trustee for that purpose, we see no ground for holding that the bank had any responsibility in relation to the distribution of said funds, or any power to set up the equitable rights of the other members to defeat the efforts of the wire company to compel the application of the money in the bank to the payment of its distributive share of the funds in the hands of the association. The legal title to said money, at the time of the service of the garnishee writ, was doubtless in the association, and the bank was a mere custodian for the association and held the money subject to its order, and was in no way responsible to the members for any use to which the association might see fit to apply it. Had the association presented its check for the money, the bank could not have refused to pay it on the ground that the money equitably belonged to the various members of the association in certain proportions. Had it brought its suit against the bank to recover said money, the bank could not have de-

fended on any such ground. The answer contains no aver-
ment that the association was not in possession of assets
and resources sufficient to pay the shares of all the members
in full, as well as all its other just debts and obligations, and
in the absence of an averment of that character it will be pre-
sumed that it had all the resources necessary for that purpose.
We see no reason, then, why the association had not full legal
and equitable power and discretion to apply the small sum of
money then deposited in the bank to the liquidation of any one
of its legal liabilities. It was at liberty to apply that particu-
lar fund to the payment of the balance due the Wire Compa-
ny, and neither the other members nor the bank had any
right to object to its doing so. If, then, it were admissible for
a garnishee, under our statute, to avail himself, in defense, of
the equitable rights of other parties not before the court, the
answer fails to disclose any equitable rights in any person,
which stand in the way of an application of the fund in ques-
tion to the payment of the judgment in favor of the Wire
Company.

But under our statute, garnishment is a proceeding at law.
It has most, if not all the incidents of a suit at law brought by
the principal debtor for the use of the attaching creditor,
against the garnishee, and the defenses which may be inter-
posed by the garnishee are the same which could have been
set up by the garnishee, if the action had been brought in
that form. May v. Baker, 15 Ill. 90 ; Webster v. Steele, 75
Id. 544. In Waples on Attachment, 199, the rule is laid down
that funds held in trust are subject to the process of garnish-
ment, if the relation of the defendant to them is such that he
may recover possession of them as his own at will. In
McLaughlin v. Swann, 18 How. 217, it is held that an attach-
ment invests the plaintiff with the same rights of action which
belonged to the principal defendant, and no defense which
could not be made at law by such defendant can be made to
the attachment, which is a substituted mode of pursuing the
same right. The court say : " A garnishee should stand as
nearly as possible in the same position he would have occu-
pied if sued at law by his creditor ; and if he, or any third

person, has equitable rights to the fund in his hands, they should be asserted in that jurisdiction which alone can suitably examine and completely protect them."

It is clear that in a suit at law by the association against the bank to recover the amount of said deposit, none of the equitable matters attempted to be set up in the garnishee's answer could have been pleaded in defense. For the same reason they are not available here. It follows that the bank failed to set up matters sufficient to discharge itself from liability as garnishee, and that judgment was properly rendered against it for the amount of said deposit. The judgment will therefore be affirmed.

Judgment affirmed.