(No. 12918.—Reversed and remanded.)

THE VILLAGE OF BAYLIS, Appellee, *vs.* JOSEPH F. ORR,
Appellant.

*Opinion filed December 17, 1919—Rehearing denied Feb. 4, 1920.*

1. EMINENT DOMAIN—*time fixed for paying compensation can
not be changed after its expiration.* Under section 10 of the Emi-
nent Domain act, as amended in 1897, where the time fixed by the
judgment for paying compensation has expired without any pay-
ment being made, the court has no power to extend the time, and
the proviso to said section as to costs and attorney's fees must be
applied although the petitioner's failure to pay was not due to an
intention to abandon the proceeding but to delay in collecting the
tax for the improvement.

2. SAME—*proceedings for condemnation for a cemetery must
come under Eminent Domain act.* The provisions for condemna-
tion in the Local Improvement act do not apply to proceedings to
condemn land for a cemetery, but the power of condemnation given
by paragraph 5 of the Cemeteries act must be exercised by pro-
ceedings under the Eminent Domain act.

APPEAL from the Circuit Court of Pike county; the
Hon. HARRY HIGBEE, Judge, presiding.

L. T. GRAHAM, and LEE CAPPS, for appellant.

W. E. WILLIAMS, and A. CLAY WILLIAMS, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

The village of Baylis, in Pike county, Illinois, filed its
petition in the circuit court in vacation in 1917 to condemn
one and two-fifths acres of the land of Joseph F. Orr for
cemetery purposes. The petition alleged the village owned
a cemetery in the corporate limits, of about two acres, which
was laid off in lots and used for the burial of the dead;
that it was necessary to enlarge the cemetery and acquire
additional ground therefor; that an ordinance of the vil-
lage had been duly passed authorizing it to acquire, by con-
demnation or purchase, the land described in the petition;

that the village was unable to agree with the owner for its purchase, and the petition prayed that the compensation to be paid for the land be determined and fixed by the court according to the statute in such case made and provided. A hearing was had in April, 1918, and the compensation to be paid for land taken and damaged was fixed at $800 and ordered paid on or before March 1, 1919. On the 21st of March, 1919, and during the November, 1918, term of the Pike county circuit court, Orr, the owner of the land condemned, filed his petition alleging the compensation had not been paid, that the village had abandoned its petition and the proceedings had thereunder had abated, and prayed to have his attorney's fees, costs and expenses incurred in the proceeding fixed and ordered paid, and that the court declare the petition for condemnation, and the proceedings had thereunder, had abated. When the hearing came up on the petition, April 21, 1919, the village of Baylis entered a cross-motion for leave to pay the judgment of compensation into the county treasury for the use of Orr *eo instanti,* and that upon payment the village be authorized to enter upon and appropriate the property for cemetery purposes. From testimony heard on the petition and motion it appeared that when the condemnation proceeding was heard and compensation fixed, the village had no funds available out of which it could pay the judgment but would have to raise the money by a tax levy made that year but which could not be collected until the next year, 1919. For that reason March 1, 1919, was fixed as the time for payment of the compensation. Accordingly, appropriation and levy ordinances were passed providing for the levy of a tax to pay said judgment. The tax was levied and collected and was available for payment of the judgment at the time the hearing was had, but it had not been collected March 1 because of the fact that by reason of an amendment to the Revenue law in 1917 the time of settlement with the county treasurer for taxes was changed from March 1 to April 1. When the village

authorities learned of Orr's intended action, and before they had settled with and received the tax money from the county treasurer, they procured on their individual credit the sum of $800 and on April 9 tendered it to Orr in payment of the judgment, but he refused to accept it. The court entered an order directing that the village pay on the 21st day of April, 1919, to the county treasurer of Pike county for the use of Orr, $800 and interest thereon from March 1, 1919, and that upon making said payment it enter upon and take possession of the land. From that order Orr has prosecuted this appeal.

Appellant contends that by the failure to pay the damages awarded within the time specified in the judgment appellee abandoned the proceeding, the same by operation of law abated, and he became entitled to file a petition for payment of his expenses and attorney's fees incurred in the condemnation proceedings. The appellant relies upon section 10 of the Eminent Domain act as amended in 1897. Prior to the amendment of section 10, in 1897, the statute did not require the court to fix the time for the payment of the compensation as part of the judgment, but the only requirement was that payment be made within a reasonable time or the proceeding would be regarded as abandoned. As it exists at present, section 10 provides that the court order the petitioner to enter upon the property upon payment, within a reasonable time to be fixed by the court, of the compensation, *"Provided,* that in case the petitioner shall dismiss said petition before the entry of such order or shall fail to make payment of full compensation within the time named in such order, that then such court or judge shall, upon application of the defendants to said petition or either of them, make such order in such cause for the payment by the petitioner of all costs, expenses and reasonable attorney fees of such defendant or defendants paid or incurred by such defendant or defendants in defense of said petition, as upon the hearing of such application shall be right and just,

and also for the payment of the taxable costs." The condemnation proceeding was begun in vacation, but at the time the judgment for confirmation was entered and the time fixed for its payment the April, 1918, term of the court was in session, and the November term of the court had not adjourned at the time appellant filed his petition upon which the order was made from which this appeal is prosecuted.

It is quite apparent that appellee had no intention of abandoning the proceeding but proceeded in good faith to levy and collect a tax to pay the judgment. The tax could not be collected in time to make the payment on March 1, but it was collected and available for that purpose a month . later and payment was tendered appellant. The question presented is, did the court have power to order the payment *eo instanti* April 21? The statute makes no provision for a subsequent change in the order fixing time for payment, and it would seem that when the judgment is entered fixing time for payment, the powers of the court over the subject are exhausted and no subsequent change is authorized.

Counsel for appellee call attention to provisions of the Local Improvement act relating to the subject of condemnation which was passed at the same session of the legislature which amended section 10 of the Eminent Domain act, and say the two acts should be construed *in pari materia.* Sections 13 to 33 of the Local Improvement act provide for the condemnation of private property for a local improvement, and by section 32 the petitioner has ninety days after final judgment to elect whether it will dismiss the proceeding. If it does not so elect within that time it becomes thereby bound and liable to pay the judgment. The judgment is conditional until the expiration of that time, when it becomes absolute. *City of Evanston* v. *Knox,* 241 Ill. 460.

Appellee contends those provisions should govern in a condemnation proceeding by a municipality and not the Eminent Domain act. However willing we might be to agree

with that contention in this particular case, we are of opinion we would not be warranted in sustaining that position of appellee. By paragraph 5 of the Cemeteries act (Hurd's Stat. 1917, p. 186,) cities and villages are authorized to establish and maintain cemeteries within or without their corporate limits and to acquire land therefor by condemnation or otherwise. No provision is made in that act for the exercise of the power of condemnation thus conferred and the proceedings must necessarily be under the Eminent Domain act. A cemetery is not a local improvement, and the provisions on the subject of condemnation in the act concerning local improvements by cities and villages by special assessment in our opinion cannot be construed to apply to proceedings to condemn land for a cemetery. This proceeding was had under the Eminent Domain act and the rights of the parties are governed by that act. *Chicago Great Western Railroad Co.* v. *Ashelford,* 268 Ill. 87; *LaSalle County Electric Railway Co.* v. *Hill,* 260 id. 621.

The court, at the time the compensation was determined and awarded, having by its judgment fixed the time within which it should be paid, had no power to extend or change the time so fixed, and payment not having been made within the time, in our opinion the courts are powerless to aid appellee. As applied in this particular case section 10 is a harsh rule, but that fact does not warrant a court's refusal to apply it. If any exception should be made in cases where a municipal corporation condemns land it should be made by the legislature.

The judgment is reversed and the cause remanded for further proceedings in harmony with the views expressed in this opinion.

*Reversed and remanded.*