(No. 13385.—Decree affirmed.)
ARVESTA DOWNS *et al.* Appellees, *vs.* D. E. CURRY, High-
way Commissioner, Appellant.

*Opinion filed February 15, 1921.*

1. HIGHWAYS—*section 95 of Roads and Bridges act construed
as to when damages for new road must be paid.* Section 95 of the
Roads and Bridges act of 1913, providing that a proposed new road
shall be deemed to be vacated if damages resulting from establish-
ing the road shall not be paid "within ninety days from the time
of the final determination to open" the road, means that the dam-
ages must be paid within ninety days after the final order that
the road be laid out, and not from the time the road is opened
for travel nor from the time the commissioner determines and cer-
tifies the amount of taxes to pay the damages.

2. SAME—*commissioner may be compelled to open road after
it is ordered to be laid out.* After a final order that a new road
be laid out, the duty of the commissioner of highways to open the
road within the time provided by the statute is mandatory, and he
may be compelled to perform it by *mandamus.*

3. STATUTES—*when a statute may be construed.* Where the
wording of a statute is obscure the particular provision involved
may be construed in connection with the entire act, in the light
of the purpose of the enactment, in order to ascertain the legisla-
tive intention, but where the language is plain and unambiguous
there is no room for construction.

4. SAME—*court must give effect to plain provisions of statute.*
Where the meaning of a statute is plainly expressed courts cannot
attribute to it a different meaning, even though they be of opinion
the provision is unwise and seriously impairs the act as a whole.

CARTER, J., dissenting.

APPEAL from the Circuit Court of Logan county; the
Hon. T. M. HARRIS, Judge, presiding.

MILLER & MILLER, and McCORMICK & MURPHY, for
appellant.

ANDERSON & MANGAS, and HAROLD F. TRAPP, for ap-
pellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellees are the owners of certain lands in Logan county over which a road laid out in January, 1919, if opened, will pass. They filed a bill to perpetually enjoin the appellant highway commissioner from opening the road. A decree was entered as prayed in the bill, and the commissioner of highways has prosecuted this appeal.

August 22, 1918, a petition addressed to appellant was filed with the town clerk to lay out the road. Appellant being unable to agree with all the land owners upon the damages to be paid, filed a certificate in the office of a justice of the peace in accordance with the statute, asking that a jury be called to assess the damages. A jury was called and assessed the damages of the respective land owners, and on December 14, 1918, appellant made an order denying the prayer of the petition and revoking all proceedings had thereon. Certain land owners prosecuted an appeal from that order, under section 91 of the Road and Bridge act, to the county superintendent of highways, who, after proceeding in accordance with the statute, on January 11, 1919, entered an order laying out the road and filed the order with the town clerk. On the first Tuesday in September, 1919, the commissioner of highways determined and certified the amount necessary to be raised by taxation for the construction, maintenance and care of roads and bridges in said town and to pay the damages awarded for laying out the road in question. At the same time he ordered anticipation warrants issued, payable to the order of the justice of the peace, for the use of the respective land owners in payment of their damages, but no money was ever received by or tendered to appellees within ninety days after the order of the county superintendent of highways of January 11, 1919, laying out the road, and the question involved is whether, under section 95 of the Road and Bridge act, the road was deemed vacated.

It is not disputed that all the legal requirements were complied with precedent to the order of the county superintendent of highways on appeal, granting the prayer of the petition that the road "be and is hereby laid out according to the plans and specifications thereof now on file with the commissioner of highways of said town," and no question is raised as to the legal determination and assessment of the damages to the land owners. The order of the county superintendent of highways was made and filed in the office of the town clerk on January 11, 1919. The damages had been fixed by a jury prior to the appeal to the county superintendent of highways from the order of the commissioner denying the prayer of the petition. The final order laying out the road it is agreed was the order of the county superintendent of highways of January 11, 1919. After the final order of the county superintendent was made and filed no further steps were taken until the first Tuesday in September, when the commissioner of highways certified, as required by statute, the amount necessary to be raised by taxation for the construction, maintenance and care of roads and bridges in the town and the amount necessary to pay damages awarded for laying out the road. The commissioner ordered anticipation warrants to pay said damages, totaling $4040, payable to the order of the justice of the peace before whom the damages were awarded, for the use of the respective land owners. September 19 the town clerk notified each of the land owners to come to his office and receive the warrants, but appellees failed to do so, and on November 10 anticipation warrants were issued for the amount of the damages respectively awarded the land owners, payable to the order of the justice of the peace, who cashed them and deposited the proceeds in the Lincoln National Bank in a special account to his credit. He notified the land owners he had the money to pay each of them. Some of the land owners called and received their money, but appellees failed to call and get their money and

later filed their bill to enjoin the opening of the road on the ground that they had not been paid or tendered the damages awarded them, and that as more than ninety days had elapsed since the final order laying out the road was entered the road is deemed in law to be vacated.

Section 95 of the Road and Bridge act of 1913 is as follows: "Limitations of time to open.—All roads laid out as herein provided shall be opened within two years from the time of laying out the same. If the damages resulting from the establishing of such roads shall not be paid within ninety days from the time of the final determination to open the same as aforesaid, such new roads shall be deemed to be vacated."

The decree is based on the construction of the statute that the order of the county superintendent of highways of January 11 was a final order that the road be laid out and opened as a highway, and the damages not having been paid or tendered appellees within ninety days from that time the road is deemed vacated. Whether the decree was correct depends on the meaning of section 95. It seems obvious that the final order granting the prayer of the petition that the road be laid out as prayed could only mean that it be laid out and opened. There is no provision for a meeting to determine, or for a determination by the commissioner, whether the road shall be opened after the final order laying it out. That order makes it the duty of the commissioner to physically open the road as laid out, and as to that he has no discretion. The only discretion he is allowed is that it must be opened for travel within two years. Where there are no damages to be paid land owners, or where arrangements are made whereby the land owners waive payment within ninety days, the commissioner may exercise a sound discretion as to what time, within two years after the road is finally ordered laid out and opened, he will physically open it. By section 97 the land owner is given a reasonable time, not exceeding eight

months, to harvest crops and remove fences, and these things, and perhaps others, constitute the reason the commissioner is allowed to exercise a discretion as to the particular time, within two years, he will open the road to travel, but whether the road must be opened he has no discretion. By the plain language of section 95, if damages result from establishing the road they must be paid within ninety days from the "final determination to open the same as aforesaid" or the road shall be deemed vacated. The commissioner is allowed no discretion in complying with the requirements of that section. Unless section 95 is construed to mean something different from what its language imports, the decree of the circuit court was right.

Appellant contends the construction given the statute by the circuit court renders the act for laying out roads inoperative and unworkable where damages result from laying out and opening a new road, and refers to the provisions of the statute requiring the amount necessary to be raised by taxation to be determined and certified by the commissioner to the board of supervisors the first Tuesday in September, and since the land owner cannot be paid in warrants but payment must be made in money, (*Caldwell* v. *Commissioners of Highways,* 249 Ill. 366; *Hammerschmidt* v. *Commissioners of Highways,* 286 id. 448;) therefore the tax must be extended, collected and paid over before it is available to pay the damages. From these considerations it is argued it is not the meaning and intent of section 95 that the road shall be deemed vacated if the damages are not paid within ninety days after the final order laying out the road. As we understand it, the construction contended for is that the damages are required to be paid either within ninety days after the commissioner determines to open the road or within ninety days after the road is physically opened. Appellant says in his brief, when the commissioner on the first Tuesday in September determined and certified the amount necessary to be raised by

taxation to pay the damages he determined to open the road, and it was a compliance with the statute if he paid or tendered the land owners, within ninety days from that time, the damages awarded them. That construction would be substantially equivalent to saying the meaning of the statute is that the damages must be paid within ninety days after the road is opened. In our opinion to attribute such meaning to the language of the statute would be legislation,—not construction. Section 95 first provides, "all roads laid out as herein provided shall be opened within two years from the time of laying out the same." The meaning of a final order that a road be laid out is that it be opened. If no damages are awarded anyone by reason of laying out and opening the road the commissioner is allowed a reasonable discretion as to the precise time it shall be physically opened, but he has no discretion as to whether he will cause the road to be opened for travel. Section 95 further provides that if the damages resulting from establishing the road shall not be paid within ninety days from "the final determination to open the same as aforesaid" the road shall be deemed vacated. There is no provision of the statute requiring or providing for any other determination to open the road than the final order laying it out. That order is conclusive that the road must be opened, and after it is made and filed the physical opening of the road to travel is mandatory. To give the statute the construction contended for would be, in effect, to hold the final order was not final and that it still remained for the commissioner to determine whether he would open it or not and whether he would certify the tax necessary to pay the damages. His duty to open the road to travel is mandatory and he may be compelled to perform it by *mandamus.* (*Commissioners of Highways* v. *Jackson,* 165 Ill. 17; *Sheaff* v. *People,* 87 id. 189.) The language of the statute is plain and unambiguous. Where the meaning of a statute is obscure or doubtful, the intention of

the legislature may be ascertained by construing the particular section involved, in connection with the entire act of which it is a part, in the light of the object and purpose of the enactment, and effect be given to the intention even though such construction would give to some of the words of the statute an altered or modified meaning from that which they would seem, considered alone, to import, (*People* v. *City of Chicago,* 152 Ill. 546; *People* v. *Gaulter,* 149 id. 39;) but where the language of the statute is plain and unambiguous no room is left for construction. Where its meaning is plainly expressed courts cannot attribute to it a different meaning, even where they may be of opinion the language was unwise and seriously impairs the act as a whole. (*Village of Baylis* v. *Orr,* 291 Ill. 201; *Cohen* v. *Cohen,* 287 id. 269; *People* v. *Stewart,* 281 id. 365; *City of Beardstown* v. *City of Virginia,* 76 id. 34.) We regard the language of section 95 as too plain to admit of construction, and to give it the meaning contended for by appellant would require legislation.

It is not improper to say, the legislature has recognized the unwisdom of the section involved and in 1919 amended section 95 to read that if the damages shall not be paid within ninety days "from the time the money is in the hands of the treasurer of the road and bridge fund to pay the same," the road shall be deemed vacated.

The question here involved has not heretofore been passed upon by this court, consequently no authorities have been cited on either side which are in point or give any aid or guidance in the decision of the case.

The decree of the circuit court is affirmed.

*Decree affirmed.*

Mr. JUSTICE CARTER, dissenting.