(No. 19715.—

ALBERT LEVINSON *et al.* Defendants in Error, *vs.* THE HOME BANK AND TRUST COMPANY, Plaintiff in Error.

*Opinion filed December 20, 1929.*

CHENEY & PETERSON, (ALBERT PETERSON, and A. EDMUND PETERSON, of counsel,) for plaintiff in error.

AARON SOBLE, for defendants in error.

Mr. JUSTICE SAMUELL delivered the opinion of the court:

On January 3, 1928, Morris Fleisher obtained a judgment in the municipal court of Chicago against Albert Levinson, Samuel Stein and Abraham O. Levinson in the amount of $486 and costs. Upon this judgment an execution was issued and returned "no part satisfied." On March 9, 1928, Fleisher filed his affidavit for garnishee summons directed to the plaintiff in error, the Home Bank and Trust Company, and the summons was served the following day. The answer of the garnishee was, in effect, that it was not, at the time of the service of the garnishee summons or at any time since said date, indebted to the defendants in any sum or sums whatsoever. On July 27, 1928, the cause came on for trial on a contest of the garnishee's answer. The plaintiff in error had on deposit to the credit of Samuel Stein at 8:30 A. M. on March 10, 1928, (the time the garnishment summons was served,) the sum of $448.77. Plaintiff in error offered to show that it held a note of Stein in the sum of $500, not due until some time after March 10, 1928, and that on March 10, 1928, it charged off this deposit to the credit of the note, leaving an indebtedness due to the bank from Stein in the sum of $51.23. The offer was objected to on the ground that it was incompetent, irrelevant, immaterial, vague and indefinite. The objection was sustained, and upon motion of Fleisher judgment was entered in favor of defendants, for the use of Fleisher, against plaintiff in error in the sum of $448.77. On appeal to the Appellate Court the judgment was affirmed. The case comes here on *certiorari* to the Appellate Court.

The principal question involved in this case is whether or not section 13 of the Garnishment act gives to a garnishee the right to set off or deduct a demand against the

judgment debtor which demand is not due at the time of the service of the garnishment summons.

It has been uniformly held by this court that the garnishment process is purely a creature of statute. (*Siegel-Cooper & Co.* v. *Schueck,* 167 Ill. 522.) Therefore, in order to determine the extent and scope of such process it is necessary to resort to the statute which creates it. Section 13 of the Garnishment act provides as follows: "Every garnishee shall be allowed to retain or deduct out of the property, effects or credits in his hands all demands against the plaintiff, 'and all demands against the defendant, of which he could have availed himself if he had not been summoned as garnishee, whether the same are at the time due or not, and whether by way of set-off on a trial, or by the set-off of judgments or executions between himself and the plaintiff and defendant severally, and he shall be liable for the balance only after all mutual demands between himself and plaintiff and defendant are adjusted, not including unliquidated damages for wrongs and injuries: *Provided,* that the verdict or finding, as well as the record of the judgment, shall show in all cases, against which party, and the amount thereof, any set-off shall be allowed, if any such shall be allowed."

It is a well settled rule of statutory interpretation that where the language used is plain and certain it must be given effect by the courts. The province of the courts is not to legislate but to interpret. We cannot read out of the statute words which the legislature has placed therein, any more than we can read into the statute words which are not within the manifest intention of the legislature as determined by the statute itself. (*Downs* v. *Curry,* 296 Ill. 277; *Sup* v. *Cervenka,* 331 id. 459.) In the section of the Garnishment act above quoted the legislature has used the words, "whether the same are at the time due or not." This phrase was obviously intended to have some

meaning, and it cannot be disregarded or treated as a nullity. It is clear and unambiguous. It states definitely and clearly that a garnishee shall be allowed to deduct out of the property in his hands all demands which he may have against the plaintiff and the defendant, whether the same are at the time due or not.

Defendants in error contend that the words, "of which he could have availed himself if he had not been summoned as garnishee," must be held to limit the set-off or deduction to situations where the demand was at the time due or could be declared due by the garnishee, and that section 13 was not intended to give a garnishee any greater rights than he would have in an action between the parties direct. We cannot agree with this contention. Defendants in error by their argument would have us read out of the statute the words "whether due or not." The garnishee would have the right to deduct demands which were due if these words were omitted altogether, therefore such words must be given recognition and deference. The question whether or not the bank could, as between Stein and itself, have charged off the deposit against a note not due is quite irrelevant to the question in this case. The legislature has seen fit to allow a garnishee to deduct such demands though not due, and its pronouncement must be given effect.

Defendants in error cite the cases of *Elzy* v. *Morrison,* 180 Ill. App. 711, *Obergfell* v. *Booth,* 218 id. 492, and *Paisley* v. *Park Fire Proof Storage Co.* 222 id. 96. We have examined these cases, but they are not in point.

Defendants in error argue that the proof offered by the garnishee was inadmissible because it was at variance with the answer; that the garnishee answered, in effect, "no funds," while the proof showed that it did have funds. It is an elementary rule of pleading that the pleader should allege the ultimate fact to be proved and not allege the evidentiary facts which tend to prove the ultimate fact. (*People* v. *Wilson,* 260 Ill. 145.) Here the ultimate fact

to be proved was that the garnishee had "no funds." The fact that it had charged off the deposit against the indebtedness owing from Stein was not properly a part of the pleading but was a matter of proof to sustain the alleged ultimate fact that the garnishee had "no funds." The objection made by counsel for defendants in error to the offer of the garnishee was that it was "incompetent, irrelevant, immaterial, vague and indefinite." This objection did not go to the question of variance but was general in its nature. An objection to evidence on the ground of variance should be made at the trial, so that the court may be apprised of the exact nature of the objection.

In addition to the principal question, plaintiff in error urges that the judgment rendered in this case was erroneous for the reason that it orders "that the defendant have and recover of and from the said garnishee," etc., and that the judgment was therefore in favor of Albert Levinson, Samuel Stein and Abraham O. Levinson, whereas it should have been in favor of Stein, only. Section 1 of the Garnishment act provides: "If the garnishee is indebted to or has any effects or estate of a part only of such defendants, judgment shall be against the garnishee in favor of such part of the defendants for the use of the plaintiff." Inasmuch as the judgment must be reversed upon other grounds we think it unnecessary to decide whether the form of the judgment constituted substantial error. It was, to say the least, an irregularity and did not comply strictly with the provisions of the statute.

For the reason stated the judgments of the Appellate Court for the First District and the municipal court of Chicago are reversed and the cause remanded.

*Reversed and remanded.*