## Egan v. City of Philadelphia

*Martin Feldman,* for plaintiff; *Thomas B. K. Ringe,* for defendant.

GLASS, J., December 5, 1933.—This is a suit by a patrolman of the City of Philadelphia to recover wages during two periods of suspension without pay, one from March 1, 1931, to March 22, 1931, and the other from April 10, 1931, to December 31, 1931.

On March 1, 1931, the plaintiff, who was employed by the the City of Philadelphia as a patrolman in the Bureau of Police of the Department of Public Safety, was suspended without pay by a superior officer in the said department until March 22, 1931. He was again suspended on April 10, 1931, until December 31, 1931, when he received a notice in writing from the director of public safety to the effect that because of the cut in the budget for the year 1932, the personnel in the Department of Public Safety would have to be reduced, and that the service of some of the members of the department would have to be dispensed with; that his services would no longer be required after midnight of December 31, 1931; and that he was honorably discharged and dropped from the rolls of the department because of this curtailment in the personnel. There was no complaint filed against him before the Civil Service Commission, nor was there any hearing before it. The plaintiff made no appeal to that body.

The regular rate of pay of a patrolman was $6 per day at that time. The plaintiff did not engage in any other occupation during the entire period of his suspension. He was suspended without pay for a total period of 286 days. The case was tried by a judge without a jury, who found that the plaintiff was entitled to his pay for the period of the second suspension, from April 10, 1931, to December 31, 1931, a period of 266 days, and accordingly found in his favor in the sum of $1,683.01. The defendant filed its motions for a new trial and for judgment notwithstanding the finding.

The facts in the case are not in dispute. The sole question is whether the director of public safety in the City of Philadelphia had the power to suspend for a period in excess of 30 days. The writer of this opinion, who was the trier of the facts, found that the director had the power to suspend without pay for a period of 30 days or less, and for that reason did not allow a recovery for the period of suspension which was less than 30 days—to wit, the period from March 1, 1931, to March 22, 1931.

The power to suspend and the limitations upon that power are contained in paragraph 4, article XIX, section 18, of the Act of June 25, 1919, P. L. 581, which provides:

"Nothing herein contained shall limit the power of any superior officer to suspend a subordinate for a reasonable period, not exceeding thirty days, pending hearing and decision. Every such suspension shall be without pay: Provided, however, That the commission shall have authority to investigate every such suspension, and, in case of its disapproval, it shall have power to restore pay to the employe so suspended."

It is clear from that language that while the legislature gave the superior officer the power to suspend without pay for a period not exceeding 30 days, it intended to limit the suspension to that period pending hearing, and such a suspension was to be without pay; but the commission, if it reinstated the officer, was to have the power to restore pay to him. There can be no question but that the hearing referred to is the hearing before the commission. That was decided by Baldrige, J., in Bolay v. City of Philadelphia, 102 Pa. Superior Ct. 510, 512, where, in speaking of paragraphs 1 and 4 of article XIX, section 18, of the Act of June 25, 1919, P. L. 581, he said that they "provide that where charges are preferred against a police officer, all such charges are to be heard, investigated and determined by the Civil Service Commission within thirty days after the charges are filed, that such officer may be suspended by his superior officer for a reasonable period, not exceeding thirty days, pending hearing. Such suspension is to be without pay, but the commission, if it reinstates the officer, shall have power to restore pay to him."

That the police department did not lodge any charges with the Civil Service Commission against the police officer does not affect his rights in the matter. It was not incumbent upon him to call upon the Civil Service Commission to require it to inquire into the cause of his suspension. His official connection with the city was not severed, as his name continued on the roll of police officers. He was a suspended officer, not seeking or performing other work. If the agency of the city, the director of the Department of Public Safety, exceeded his authority or did not obey the mandate of the law, it was no fault of the police officer.

If it had been the intention of the legislature to vest in the director of the Department of Public Safety, or any superior officer, the power of suspension without pay for a greater period than 30 days, it would have spoken in unequivocal language. It, however, limited the power of suspension so as not to

exceed 30 days. That may have been intended as a disciplinary measure. The legislature having spoken on the question of suspension, neither the director of public safety nor any judicial body may so interpret the language of the act as to enlarge the powers therein specifically conferred. In 59 C. J. 953 it is said:

"Where the language of a statute is plain and unambiguous, there is no occasion for construction, even though other meanings could be found; and the court cannot indulge in speculation as to the probable or possible qualifications which might have been in the mind of the legislature, but the statute must be given effect according to its plain and obvious meaning, and cannot be extended beyond it because of some supposed policy of the law, or because the legislature did not use proper words to express its meaning, or the court would be assuming legislative authority."

In a foot-note (g) (59 C. J. 957) there is this language:

"Opinion of Court.— (1) In general, where the words of a statute are plainly expressive of an intent, not rendered dubious by the context, they are not to be departed from merely because the court may be of the opinion that a different provision would more effectively accomplish the general purposes the Legislature had in view (In re Keim's License, 59 Pa. Super. 631), (2) or because the court may question the wisdom or expediency of the enactment (Board of Com'rs of Vance County v. Town of Henderson, 79 S. E. 442, 163 N. C. 114), (3) or think that the language is unwise and seriously impairs the statute as a whole (Downs v. Curry, 129 N. E. 761, 296 Ill. 277)."

To hold that the director of public safety, the superior officer, has the power and authority to suspend a subordinate (a patrolman in the instant case) without pay for a period greater than 30 days would be an assumption by the court of legislative authority. There is no ambiguity in the language used, and the intention of the legislature is manifest and clear. The legislature, by limiting the length of suspension without pay to the period of 30 days or less, excluded any suspension for a longer period: See 2 Lewis' Sutherland, Statutory Construction (2d. ed. (1904)) 923, par. 494 (328), under "General Rules of Construction":

"The expression of one thing is the exclusion of another; consequently no further exception was intended;" citing Brocket v. The Ohio & Penna. R. R. Co., 14 Pa. 241, 243, 53 Am. Dec. 534, Miller v. Kirkpatrick, 29 Pa. 226, 229.

If the legislature had not spoken on the subject of suspensions by a superior officer, it might have been contended with some force that there was power vested in the director of public safety as a right and power inherent to his office to suspend a subordinate for any length of time. But, as we have already said, the legislature having spoken, and having limited the period of suspension, it cannot be enlarged by the director of public safety. He is restrained by statute.

As to the suspension period which was less than 30 days and for which no recovery was allowed, if the police officer felt that he was suspended unjustly and desired to have his pay restored during that period, he might have petitioned the Civil Service Commission to review his case, and if it decided favorably it could, in their judgment, have ordered the pay restored to him during that period. This, however, the plaintiff failed to do.

We are of the opinion that the finding by the trial judge was proper, for the reasons hereinabove set forth. The defendant's motions for a new trial and for judgment in its favor notwithstanding the finding are accordingly dismissed.

---

NOTE.—See Haslam v. City of Philadelphia, decided by the Supreme Court of Pennsylvania, March 19, 1934.