Julius Roth, Appellant, v. William Kaptowsky and Fannie Kaptowsky. Fannie Kaptowsky and New York Life Insurance Company, Appellees.

Gen. No. 43,347.

Heard in the first division of this court for the first district at the February term, 1945. Opinion filed June 25, 1945. Rehearing denied July 19, 1945. Released for publication July 19, 1945.

HARRY A. KAHN and ODE L. RANKIN, both of Chicago, for appellant.

SEYMOUR M. LEWIS and EDWARD A. GORENSTEIN, both of Chicago for certain appellee; SEYMOUR M. LEWIS,

Edward A. Gorenstein, Julius M. Lorenz, and Franklin J. Stransky, all of Chicago, of counsel.

Scott, MacLeish & Falk, of Chicago, for certain other appellee; James F. Flanagan and Wendell J. Brown, both of Chicago, of counsel.

Mr. Justice O'Connor delivered the opinion of the court.

By this appeal plaintiff seeks to reverse a judgment of the Municipal court of Chicago discharging the New York Life Insurance Company as garnishee.

April 14, 1938, Julius Roth brought an action against William Kaptowsky and Fannie Kaptowsky, based on a promissory note executed by them January 16, 1928, for $4,000 with interest thereon. Defendants in their answer admitted they owed $1,040 but contested the balance on the ground that the note was usurious. November 16, 1939, judgment was entered for $1,040, the amount admitted to be due, and the cause was continued as to the balance of plaintiff's claim. November 14, 1941, by agreement, judgment was entered for $2,500. June 6, 1944, an execution was issued on the $2,500 judgment and on the same day the bailiff's return shows defendants were not found. On the same day plaintiff filed a statement of claim in the original action in the Municipal court based on the $2,500 judgment and afterward brought a similar proceeding based on the other judgment. The actions were consolidated. In both cases the New York Life Insurance Company was named as garnishee. The garnishee answered that it had issued 4 policies of insurance to William Kaptowsky in which Fannie, his wife, was named as beneficiary; that William died May 11, 1944, and there was a certain amount due on each of the 4 policies aggregating $6,644.41. August 21, 1944, by leave of court, Fannie filed an intervening petition in which she claimed the moneys due under the policies

and. contended that they were not subject to garnishment. October 5, 1944, the case was heard on the pleadings and a stipulation of the parties as to certain facts; the court found in favor of Fannie, discharged the garnishee and plaintiff appeals.

The record discloses that August 24, 1923, and March 22, 1927, the New York Life Insurance Company issued two policies on the life of William Kaptowsky and afterward two additional policies on April 25, 1930, in which his wife, Fannie, was named beneficiary. The insurance company in its answer admitted its liability under the 4 policies was $6,644.41, specifying the amount due under each policy. There was a provision in the first policy which provided an optional method of settlement with the beneficiary, viz., "The proceeds may be left with the Company subject to withdrawal in whole or in part at any time on demand in sums not less than one hundred dollars. The Company will credit interest annually on the proceeds so left with it at such rate as it may each year declare on such funds and guarantees that the rate of interest shall never be less than three per cent."

In the second, third and fourth policies it was provided:

"OPTIONAL METHODS OF SETTLEMENT.

"The Insured, or in case the Insured shall not have done so, the beneficiary after the Insured's death, may, by written notice to the Company at its Home Office, make the proceeds of this Policy, in whole or in part, payable under one of the following options. Any such election or change in election shall not take effect until indorsed on the Policy by the Company at its Home Office. . . .

"Option 1.—The proceeds in whole or in part may be left with the Company subject to withdrawal at any time on demand in sums of not less than one hundred dollars. . . .

"Option 5.—The proceeds in whole or in part may be left with the Company at interest and paid in equal annual, semi-annual, quarterly or monthly instalments of such amount as may be agreed upon until the entire proceeds left with the Company, including interest thereon as provided in Option 1 have been paid, provided that the fixed amount payable each year shall be not less than five per cent of the original proceeds left with the Company. . . .

"When the proceeds of the Policy become payable the Company will deliver to each payee a certificate evidencing the rights and benefits of such payee under the option selected."

The second policy provided that "The Insured may direct in writing that the benefits under the above options shall not be transferable nor subject to commutation or incumbrance during the lifetime of the payee." And in the third and fourth policies it was provided that "Unless otherwise directed in writing by the Insured, the benefits under the above options shall not be transferable nor subject to commutation or incumbrance during the lifetime of the payee."

May 23, 1944, Fannie executed proofs of death and a statement, on a blank furnished by the company, and delivered them to the insurance company at its office in Chicago, and selected "Option 5—One hundred dollars per month until money is exhausted." On the hearing it was stipulated: "That the form thereof was furnished by the insurance company garnishee and in that statement Fannie Kaptowsky exercised her right of election to receive the proceeds of said policies at the rate of one hundred dollars per month until such proceeds should become exhausted."

Near the close of the hearing the garnishee insurance company, over objections of plaintiff, was allowed to strike from its answer the paragraph in which it admitted the amount due on each of the policies. But there remained in the garnishee's answer an al-

legation that at the time of the service of summons and at the time of the filing of its answer it was indebted to Fannie for $6,644.41, "subject to (1) the terms of said policies in respect to methods of settlement for death proceeds, (2) the surrender of said policies for cancellation, and (3) the final determination of the rights of the parties by a court of competent jurisdiction of the parties and the subject-matter."

A great deal is said in the briefs that the election was not effective for the reason that at the time Fannie filed the written election she orally asked if she might also have in any one year an additional $100 or $500, and that the company refused to accept her election; that it was not endorsed on the policies, and was therefore not effective. The optional methods of settlement set forth in the policies provided that after the insured's death the beneficiary may, by written notice to the company, make the proceeds "payable" under one of the following options. And option 5, under which Fannie sought to make her election, provided that the proceeds in whole or in part might be made payable in equal annual, semi-annual, quarterly or monthly installments, "as may be agreed upon," until the entire proceeds were paid. There was no agreement by the company and therefore the election was not binding. But counsel for Fannie contend that in the last two policies issued it was provided that, "Unless otherwise directed in writing by the Insured, the benefits under the above options shall not be transferable nor subject to commutation or incumbrance during the lifetime of the payee," and therefore the amounts due under these two policies could not be reached by garnishment because of this provision. In support of this counsel cite *Holowaty v. Prudential Ins. Co.*, 282 Ill. App. 584, which they say "is very analogous to the case at bar and we believe decisive of the issues." We think this contention cannot be sustained. The policy involved in that case

provided for monthly installments of $100 each. We there said: "By the terms of the policy the proceeds were payable to Mrs. Holowaty in 60 monthly installments of $100.00 each. . . . And further, that "The policy provided that the company should not commute any of the installments payable thereunder after the death of the insured without the previous written consent of the insured. The insured did not give this consent." We there held that garnishment would not lie. In the case at bar the policies provided that upon receipt of proof of death of the insured the company would pay the amount due under the policies to the beneficiary.

But counsel for Fannie further contend that the proceeds of the policies are exempt under the provisions of Par. 850, § 238, ch. 73, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 66.913]. That section is a part of the Insurance Code which became effective in 1937. The material part of that section provides that: "All proceeds payable because of the death of the insured . . . payable to a wife . . . whether the power to change the beneficiary is reserved to the insured or not, . . . shall be exempt from execution, attachment, garnishment or other process, for the debts or liabilities of the insured incurred subsequent to the effective date of this Code." And counsel say that "The judgments on which the garnishment is predicated were the debt or liability of the insured incurred subsequent to the effective date of the Code." That the judgments were entered November 16, 1939 and November 14, 1941 and the Insurance Code became effective in 1937. And it is argued that since the defendant in the two suits interposed the defense that the note which was the basis of the suit on which the judgments were entered was usurious, there was no debt until the judgments were entered, and in support of this cite *Grimmer v. Brown,* 146 F. (2d) 806. In that case suit was brought by the owner of one-half

of a bond against the maker, Grimmer, in the New York Supreme court. "Grimmer interposed an answer alleging that the bond was usurious and void and praying that it be declared void, that the complaint be dismissed and the bond be surrendered for cancellation." And it was held that afterward the parties settled their controversy as to the amount that should be paid and that the debt was not a liability until the date of the settlement.

The provisions of the New York statute, where the defense of usury is interposed, is not mentioned, but apparently it was contended that because the bond was usurious it was void. Such is not the law in this state. Where the defense of usury is successfully interposed in Illinois, the penalty is that the plaintiff shall forfeit all of the interest so contracted for. Par. 6, § 6, ch. 74, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 67.06]. Moreover, par. 850 of ch. 73, above quoted from, provides for exemption in the case mentioned for "liabilities of the insured," while in the instant case the liabilities are not only of the insured but also of the beneficiary—the note was signed by both of them.

Holding as we do that the proceeds of the policies were due and payable upon the proof of the death of the insured, and that the election of the manner of payment sought to be made by Fannie, the beneficiary, not having been agreed to as the policy required, it was ineffective and the proceeds are subject to garnishment.

The judgment of the Municipal court of Chicago is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded with directions.*

MATCHETT, P. J., and NIEMEYER, J., concur.