(No. 30591.—

JULIUS ROTH *vs.* WILLIAM KAPTOWSKY *et al.*—KENNETH I. RUSS *et al.,* Exrs., Appellees, *vs.* NEW YORK LIFE INSURANCE COMPANY.—(FANNIE KAPTOWSKY, Intervenor, Appellant,)

*Opinion filed November 18, 1948.*

SEYMOUR M. LEWIS, and FRANKLIN J. STRANSKY, both of Chicago, for appellant.

HARRY A. KAHN, and ODE L. RANKIN, both of Chicago, for appellees.

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

This garnishment action is here for review from the Appellate Court, First District. We granted Fannie Kaptowsky leave to appeal from the judgment of that court, reversing and remanding the cause to the municipal court of Chicago with directions to enter a judgment in favor of Julius Roth, hereinafter called plaintiff, against the garnishee for the amount due on two life insurance policies with interest on the unpaid balance at the rate of three per cent as provided by the policies, and staying the execution as to each monthly payment provided for in said policies until twenty days after the maturity thereof.

In 1938 the plaintiff brought suit against William and Fannie Kaptowsky on their promissory note in the amount of $4000. On November 16, 1939, judgment was entered in favor of plaintiff for $1040 and the cause was continued as to the balance of plaintiff's claim. On November 14,

1941, an additional judgment was entered for plaintiff in the amount of $2500. William Kaptowsky died leaving four life insurance policies in which his wife was named as beneficiary. Subsequently, in 1944, the plaintiff instituted garnishment proceedings on the respective judgments, naming the New York Life Insurance Company as garnishee, which actions were subsequently consolidated and constitute the subject matter of this appeal. The garnishee answered and admitted the existence of said policies and that the total amount due on the same was $6644.41. Fannie Kaptowsky, the beneficiary, filed an intervening petition setting forth that under the provisions of the policies she had elected to receive monthly on all of the policies the aggregate sum of $100 per month, and asserted that the proceeds of the policies were not subject to garnishment. The trial court found for the intervenor and discharged the garnishee. Thereafter the plaintiff appealed and the Appellate Court held that the proceeds of all the policies were subject to garnishment and reversed the judgment and remanded the cause. (326 Ill. App. 415.) Subsequently we granted leave to appeal and held that the beneficiary had made a valid election to receive the total sum of $100 per month on all the policies, but that two of the policies were not subject to garnishment because of provisions therein providing that extended payments to be made under certain settlement options of the policy should not be transferable or subject to commutation or encumbrance during the lifetime of the payee. In that opinion we stated that the proceeds of policies No. 8542353 and No. 9797066 represented a debt owing from the insurance company to the beneficiary which was subject to garnishment. We reversed the Appellate Court and the trial court and remanded the cause to the trial court with directions to enter a judgment in accordance with the views expressed in our opinion. (*Roth* v. *Kaptowsky,* 393 Ill. 484.) On remandment the trial court adopted the views of the inter-

venor and held that plaintiff's recovery was limited to the proportion of the $400 due on monthly installments at the time of the filing of the garnishee's answer that the total amount due on the above two policies bore to the total amount due on all the policies and entered judgment for the plaintiff for $240.97. The plaintiff appealed to the Appellate Court, contending that under the provisions of the Garnishment Act the full proceeds of said two policies were subject to garnishment and that plaintiff was entitled to a judgment against the garnishee for all the proceeds of these two policies, but that execution thereon should be stayed until twenty days after the said monthly installments became due and payable. The Appellate Court adopted this argument of the plaintiff and held that section 19 of the Garnishment Act provided for the entry of a judgment against the garnishee for the full amount of the indebtedness due the judgment debtor and a stay of execution as to the amounts not due and payable at the time of the entry of the judgment.

The intervenor, Fannie Kaptowsky, asserts that the judgment of the municipal court should be affirmed for several reasons, which may be summarized as follows:

1. The Appellate Court had no jurisdiction of the subject matter of the second appeal and its judgment is void because the sole matter to be determined by the Appellate Court was the question of a municipal court's judgment being in accordance with the mandate of the Supreme Court. She contends that the only proper procedure for reviewing this question was by filing a petition for *mandamus* in the Supreme Court to compel the judge of the municipal court to expunge the order of judgment which he entered after the mandate of this court had been filed.

2. She further contends that, if the Appellate Court did have jurisdiction in the appeal, its holding is a clear departure from the rule of law that a judgment creditor in a garnishment suit can have no judgment against a

person served as garnishee which the judgment debtor could not recover in a suit brought by himself against the garnishee.

3. She further contends that the Appellate Court's holding that a judgment creditor may obtain in a single suit a judgment for the aggregate amount of installments covering a period of years without interest yet earned or accrued is erroneous.

The questions here presented for determination were not before this court in the previous appeal of this cause. At that time the sole question which was presented to this court for decision was whether or not the policies, or any of them, were subject to garnishment. The question here presented with reference to the construction and applicability of the Garnishment Act was not before the court. In our opinion rendered in the former appeal we stated, in speaking of the policies which were subject to garnishment, "As to these later policies, we are of the opinion that the moneys due thereon monthly under the election of the beneficiary represent a debt owing from the company to the beneficiary which is subject to garnishment." Counsel for the intervenor contend that the only recovery which the plaintiff may have in any particular garnishment suit is the amount due and payable under these policies at the time of the garnishee's answer. In the instant proceeding the amount due at the time of the garnishee's answer was $240.97. The intervenor contends that in order for the plaintiff to recover the full amount of his judgment new suits must be filed as successive monthly payments become due. On the other hand, the plaintiffs contends that under section 19 of the Garnishment Act the court may enter judgment for the full amount due to the plaintiff and stay execution thereon until twenty days after each successive monthly installment becomes due and payable. Both parties to this suit have attempted to interpret the language in

our previous opinion quoted above as indicating this court's attitude with reference to this question.

Section 19 of the Garnishment Act (Ill. Rev. Stat. 1947, chap. 62, par. 19,) provides as follows, "When judgment is rendered against any garnishee, and it shall appear that the debt from him to the defendant is not yet due, execution shall not issue against him until twenty days after the same shall become due, unless the party asking the same, or his agent, shall make oath that he believes the debt will be lost unless execution issue forthwith, in which case execution shall issue as soon as said debt to defendant is due; but no sale of property, under such execution, shall take place until after the expiration of twenty days from date of judgment."

In the exhaustive briefs filed by both parties and from our own research we fail to find any case wherein this court has previously had occasion to apply this section of the Garnishment Act to the situation here presented. Garnishment process is purely a creature of statute. (*Siegel, Cooper & Co.* v. *Schueck,* 167 Ill. 522.) In order to determine the extent and scope of such process it is necessary to resort to the statute which creates it. (*Levinson* v. *Home Bank and Trust Co.* 337 Ill. 241.) Counsel for intervenor contend that no recovery can be had by the judgment creditor against the garnishee unless an action at law could be maintained by the judgment debtor himself against the person garnisheed. Several early decisions by courts in this State are cited in support of such contention. *Richardson* v. *Lester,* 83 Ill. 55; *Siegel, Cooper & Co.* v. *Schueck,* 167 Ill. 522; *Commercial National Bank* v. *Manufacturers Equitable Association,* 20 Ill. App. 133; *Webster* v. *Steele,* 75 Ill. 544.

A careful review of those cases indicates that any statements to such effect by the courts in such cases are *obiter dicta* and not controlling upon the interpretation of sec-

tion 19 of the Garnishment Act. Where the language used in a statute is plain and certain it must be given effect by the courts and we cannot legislate but must interpret the law as announced by the legislature. *Downs* v. *Curry*, 296 Ill. 277; *Levinson* v. *Home Bank and Trust Co.* 337 Ill. 241.

The Garnishment Act did not change the substantive rights of the judgment debtor as against the garnishee. In the case at bar, by holding that the entire proceeds of the two policies can be appropriated for the benefit of the judgment creditor the relationship between the judgment debtor and the garnishee has not been in any way altered. The time of payment by the garnishee remains the same, and the mode of payment remains the same except that the judgment creditor is placed in the position of the judgment debtor and is entitled to receive the payments in her stead.

If this case involved a situation wherein the rights of the intervenor against the garnishee were indefinite, uncertain or contingent, the argument by counsel for the intervenor would have considerable more merit, but, as we view these facts, the obligation of the insurance company to the intervenor is fixed, established, determined and absolute. It is true that the intervenor could not obtain judgment against the insurance company at this time for the entire payments due in the future but the obligation of the insurance company to make those payments in the future exists presently and is a single debt, the payment of which is merely postponed, not several debts of $100 each.

In *Levinson* v. *Home Bank and Trust Co.* 337 Ill. 241, similar arguments to those here made by intervenor were made. In that case the construction of section 13 of the Garnishment Act, providing the garnishee with the right to set off against the creditor all demands which the garnishee had against the debtor whether the same were due at that time or not, was involved. It was there argued that the garnishee could only set off demands which were

due or could be declared due by it and that said section was not intended to give the garnishee any greater rights than he would have in an action directly between the parties. In that case we stated, "The legislature has seen fit to allow a garnishee to deduct such demands though not due, and its pronouncement must be given effect." In the case at bar we believe that the Appellate Court correctly interpreted section 19 of the Garnishment Act by giving effect to the plain meaning thereof.

Intervenor has also very pointedly raised the question of the jurisdiction of the Appellate Court in this appeal. We have carefully considered the argument made in support thereof and have examined the previous holdings of the court touching thereon. We conclude that the plaintiff could have attempted to review the action of the trial court by filing a petition for *mandamus* in this court; however, we believe that this remedy was not exclusive and that the plaintiff could properly appeal from the judgment of the municipal court to the Appellate Court. The argument by intervenor that the Appellate Court has attempted to add to the meaning of our opinion on the prior appeal is not convincing, because both parties to this proceeding have attempted to substantiate their arguments with reference to the interpretation of the Garnishment Act by attempting to read in our opinion certain hidden meanings. This attempt by counsel is understandable, because in the oral argument on the previous appeal certain questions were asked by members of this court of counsel, possibly indicating the viewpoint of the justice asking the question as to the proper interpretation of section 19 of the Garnishment Act. However, the opinion as rendered by our court did not attempt to interpret that section of the Garnishment Act, because that question was not presented to the court in the prior appeal. Our mandate to the trial court to enter judgment in accordance with the views expressed in our opinion did not direct the trial court to construe

432

section 19 in any particular manner. Therefore, the Appellate Court could not possibly interfere with our jurisdiction when it reviewed the judgment of the trial court after remandment. The Supreme Court is primarily a court of appellate jurisdiction, and we believe that counsel for plaintiff properly proceeded by perfecting their appeal to the Appellate Court rather than to this court.

For the reasons stated in this opinion, the judgment of the Appellate Court, reversing the judgment of the municipal court of Chicago and remanding the cause with directions to enter judgment against the garnishee for the full amount due on the two policies subject to garnishment with interest on the unpaid balance at the minimum rate of three per cent per annum as provided by the policies, and to stay execution as to each monthly payment until 20 days after the maturity thereof, is affirmed.

*Judgment affirmed.*