Wally KENNEY, on behalf of himself and all other persons similarly situated, Plaintiff,

v.

LANDIS FINANCIAL GROUP, INC., Defendant.

No. 71-C-32-CR.

United States District Court,
N. D. Iowa,
Cedar Rapids Division.

June 12, 1974.

See also, D.C., 349 F.Supp. 939.

Everett Meeker, Washington, Iowa, Lex Hawkins, Glenn L. Norris, Des Moines, Iowa, for plaintiff.

Donald A. Wine, Ronald L. Hersbergen, Des Moines, Iowa, Edward J. Heiser, Jr., Richard C. Ninneman, Milwaukee, Wis., for defendant.

## ORDER

McMANUS, Chief Judge.

This action for alleged violations of the Federal Truth-in-Lending Act (FTLA), 15 U.S.C. § 1601, was tried to the court.

Although the court has previously granted summary judgment or dismissal with regard to the majority of paragraphs in plaintiff's amended complaint, trial to the court was necessary to resolve the question of jurisdiction, affirmative defenses, factual issues relating to Paragraphs 8, 29 and 30 of plaintiff's amended complaint, and defendant's entitlement to recover on its counterclaim.

### Jurisdiction

The court has jurisdiction of this action pursuant to 15 U.S.C. § 1640(e) only if the underlying transaction qualifies as a consumer credit transaction and not one for "business or commercial purposes." 15 U.S.C. § 1603(1).

15 U.S.C. § 1602(h) provides,

"The adjective 'consumer', used with reference to a credit transaction, characterizes the transaction as one in which the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, household, or agricultural purposes."

Plaintiff testified that his purpose in obtaining the loan from defendant was to purchase a new washer and dryer for his family's use as evidenced by the fact that at the time he applied for the loan he gave defendant's employee a slip of paper containing the price and model numbers of the appliances he intended to purchase from Jerry and Bill's Tires and Appliances in Washington, Iowa. Plaintiff further testified that he decided to contact his attorney about the loan only after he got home and his wife pointed out that the annual interest rate on the loan was 29.7%.

Defendant, however, argues that plaintiff's purpose in obtaining the loan was to finance this lawsuit as evidenced by his failure to purchase the washer and dryer and the fact that he testified in his deposition that he was considering suing Collins Employees' Credit Union for FTLA violations similar to those alleged in this action prior to obtaining the loan from defendant and intended to use part of the proceeds of the loan for purposes other than what he indicated to defendant.

From reviewing the record, the evidence on this question appears extremely close. The court is especially bothered by the contradictions between plaintiff's deposition taken on March 19, 1973 and his testimony at trial which in the court's estimation tend to reduce his credibility. Plaintiff's more vivid recollection of the facts surrounding the transaction 10 months after the taking of his deposition is contrary to the general situation wherein a person's ability to recall facts lessens with the passage of time. The court further finds it difficult to believe that a person in plaintiff's precarious financial condition who had discussed bankruptcy with his attorney and had had the experience of obtaining numerous loans, would be totally oblivious to the interest rate which defendant charged on its loan to him and which was stated on the documents which defendant gave him. Finally, the court considers significant plaintiff's testimony in his deposition that prior to obtaining the loan from defendant he had discussed filing a lawsuit against another creditor for FTLA violations similar to those involved in this action.

On the basis of these facts, and from reviewing the entire record, it is

the court's view that plaintiff has failed to establish by a preponderance of the evidence that the transaction in question was a consumer credit transaction and not one for business or commercial purposes. Accordingly, this action must be dismissed for lack of jurisdiction and all summary judgments heretofore entered should be vacated.

### Defendant's Counterclaim

■ Although plaintiff's complaint has been dismissed, the court has ancillary jurisdiction over defendant's counterclaim without the need for any independent jurisdictional basis since it is a compulsory counterclaim arising out of the same transaction or occurrence as plaintiff's claim. 6 Wright & Miller, Federal Practice & Procedure § 1409, at 39 (1971).

In its counterclaim, defendant seeks to recover the entire total of payments of $864.00 past due under the loan it made to plaintiff on July 29, 1971 plus all accrued delinquency charges as of the date of judgment.

Plaintiff admits that the note has not been paid but asserts two affirmative defenses based on alleged violations of Chapt. 536 of the Iowa Code (1973): (1) the note is void because it provides for various charges not permitted under Chapt. 536 in violation of § 536.13(6); (2) the defendant filled in blank spaces on the forms after the transaction was consummated, in violation of § 536.12.

Plaintiff's first defense is based upon this court's ruling of March 30, 1972 that defendant's use of the Rule of 78ths to compute rebates upon prepayment violates § 536.13(6) and § 536.13(7)(c) since the latter section requires use of the actuarial method to compute rebates.

At trial, defendant's expert Dr. Johnson testified that in his opinion § 536.13(7)(c) stated the Rule of 78ths method for computing rebates. Defendant also submitted exhibits indicating that the official position of the Iowa Department of Banking is that the sole method to be used in computing rebates for prepayment of loans as required by § 536.13(7)(c) is the Rule of 78ths.

§ 536.13(7) provides, in part:

" . . . The portion of the precomputed interest applicable to any particular month of the contract . . . shall be that proportion of such precomputed interest . . . which the balance of the contract scheduled to be outstanding during such month bears to the sum of all monthly balances originally scheduled to be outstanding by the contract. . . ."

§ 536.13(7)(c) provides, in part:

"If the contract is prepaid in full . . . the borrower shall receive a rebate of an amount which shall be not less than that portion of the precomputed interest . . . applicable to the installment periods scheduled to follow the installment date nearest the date of prepayment in full. . . ."

■ From reviewing these provisions, and the evidence submitted by the defendant, it is the court's view that its ruling of March 30, 1972 was in error since § 536.13(7)(c) does in fact appear to state the Rule of 78ths as the method for computing rebates upon prepayment. See Comment, 59 Iowa Law Review 164, 173–75 (1973). Consequently, defendant's use of the Rule of 78ths to compute rebates does not violate §§ 536.13(6) and 7(c).

Plaintiff's second defense is that there are discrepancies between the copies of the combined note-disclosure statement and security agreement he received and the originals retained by defendant due to the fact that defendant filled in blank spaces on its copies after the transaction had been executed, in violation of § 536.12.

§ 536.12 provides, in part:

"No licensee shall take . . . any instrument in which blanks are left to be filled in after execution."

§ 536.12, however, does not provide any sanctions for violation of its provisions. Defendant argues that plaintiff must go through the administrative procedures in the Department of Banking to obtain a remedy. Plaintiff, however, contends that the court has the power to fashion an appropriate remedy including voiding the obligation, citing Beneficial Finance Co. v. Lamos, 179 N.W.2d 573 (Iowa 1970).

From reviewing the documents submitted by both parties, it appears that defendant added some items to the originals of the documents that were not on plaintiff's copies. Most of the additions, however, were only attempted clarifications of defendant's security interest and did not constitute material alterations from plaintiff's copies. Accordingly, the court is of the view that defendant's additions to the originals of the documents, although not in strict compliance with § 536.12, do not constitute a bar to recovery on the note and defendant is entitled to recover $864.00 from plaintiff, that being the face amount of the note.

It is therefore

Ordered

1. The above shall constitute the findings of fact and conclusions of law of the court pursuant to Rule 52(a), Fed.R.Civ.P.

2. Plaintiff's complaint is dismissed and all previous summary judgments heretofore entered are vacated.

3. Defendant shall. recover from plaintiff on its counterclaim in the amount of $864.00.

4. Each party shall bear its own costs.

5. The Clerk shall enter judgment in accordance herewith.