Eugene FRANKLIN

v.

**FIRST MONEY, INC. d/b/a E–Z Finance Plan.**

**Civ. A. No. 75–2003.**

United States District Court, E. D. Louisiana.

March 24, 1976.

Mark G. Murov, Lawrence B. Fabacher, II, New Orleans, La., for plaintiff.

David S. Willenzik, New Orleans, La., for defendant.

Ford Dieth, Asst. U. S. Atty., New Orleans, La., for Intervenor, U.S.A.

ALVIN B. RUBIN, District Judge:

 The sole issue in this case is whether the defendant violated the Federal Truth-in-Lending Act (15 U.S.C. § 1601 et seq.) and Regulation Z of the Board of Governors of the Federal Reserve System (12 CFR § 226.1 et seq.) by failing to disclose the amount, or method of computing the

amount, of a default charge payable in the event of late payment, pursuant to the rules set forth in Section 226.8(b)(4) of Regulation Z.

The disclosure statement reads, in part, as follows:

DEFAULT CHARGE: If this consumer loan is pre-computed, and in the event any installment shall not be paid in full within 10 days after it becomes due, debtor agrees to pay an amount not exceeding the greater of (A) 5% of the unpaid amount of the installment but not exceeding $5.00, or (B) the deferral charge that would be permitted to defer the unpaid amount of the installment for the period it is delinquent.

The alternative possibility set forth in (B) makes it possible for the lender to impose a charge that is not defined in the disclosure statement. Part B is captioned a default charge. However, Part B imposes a charge that it calls a deferral charge. Regardless of semantics the issue is whether the charge referred to in Part B is a charge for the debtor's default or whether the charge it imposes is what the regulation calls a deferral charge. The importance of the distinction is that Section 226.8(*l*) requires a disclosure of a *deferral* charge only at the time when there is a deferral, should there be one, whereas Section 226.8(b)(4) requires disclosure of a *default* charge at the time the original contract is signed. Both sections of the regulations involved here are set forth in the footnote.[1] The charge imposed by (B) is allowable under the applicable provision of the Louisiana Consumer Credit Law (La.R.S. 9:3525), but that fact is irrelevant because the injury complained of is not that the exaction was illegal but that it was undisclosed.

In *Kenney v. Landis Financial Group, Inc.*, 376 F.Supp. 852 (N.D.Iowa, 1973), reported at 4 CCH, CCG ¶ 98,937, the court held that a similar form did not violate the disclosure requirements because what it imposed was a deferral charge.

The default provision (Section 226.8(b)(4)) deals with disclosures that must be made to a borrower regarding actions that may be taken by the creditor unilaterally upon the borrower's default. It is not confined to the action that a creditor may take to accelerate the balance due or sue on the obligation, for it covers charges "payable in the event of late payments." The deferral charge regulation, Section 226.8(*l*), appears to relate to disclosure charges that are made in the event of a mutually agreed upon extension or deferral of one or more installments due on a loan. It requires disclosure not only of the amount of the charge but also of the amount deferred and the date to which payment is deferred.

Federal Reserve Board Letter 218, quoted in 4 CCH, CCG ¶ 30,869, deals with the timing of disclosures of deferral charges. The letter points out that the deferral charge regulation does not distinguish between the situation where the debtor initiates the deferral request and the one where the creditor offers a deferral—for example, by a letter at Christmas time. This letter implicitly recognizes that a deferral charge differs from a default charge in that a deferral charge is imposed—and disclosed—as a result of events occurring after the loan is made. If the charge is one that the creditor may unilaterally impose at the creditor's will, upon a default—that is if the creditor may treat any default as occasion for a charge—then it is evident the charge is not truly a consensual deferral charge but a default charge.

[1]. 12 CFR § 226.8(*l*) provides:
*Deferrals or extensions.* In the case of an obligation other than an obligation upon which the amount of the finance charge is determined by the application of a percentage rate to the unpaid balance, if the creditor imposes a charge or fee for deferral or extension, the creditor shall disclose to the customer (1) The amount deferred or extended; (2) The date to which, or the time period for which payment is deferred or extended; and (3) The amount of the charge or fee for the deferral or extension. 12 CFR § 226.8(b)(4) provides: (b) *Disclosures in sale and nonsale credit.* In any transaction subject to this section, the following items, as applicable, shall be disclosed . . . (4) The amount, or method of computing the amount, of any default, delinquency, or similar charges payable in the event of late payments.

The language used by the disclosure form used in this case indicates that the defendant considered this a default charge because the proviso is contained in the default charge portion of the disclosure statement. It does no good to argue that this is not a "default . . . or similar charge . . because, when it is imposed, the defendant does not treat the transaction as a default but merely exacts the charge for deferring payment." That of course begs the question. It is the defendant who makes the election whether to treat the borrower's tardiness as a default or not. It has the right to treat the delayed payment as occasion to exact charge (B). Thus, it may exact a charge that it unilaterally decides to charge and that it had not disclosed at the time the plaintiff decided to enter into the loan commitment.

The purpose of the deferral disclosure requirement is to permit the borrower to determine whether or not he wishes to avail himself of the deferral. It gives him a chance to determine the cost of deferment, and whether he wishes to bear this cost. If he is not to have a choice, then the charge must be disclosed at the inception of the loan. If he has no option with respect to whether or not he will bear the cost, and if he does not know, at the time the loan is made, that the cost may be imposed upon him, then he will never be informed of the cost of being late until he already owes the charge.

Under these circumstances it appears that Regulation Z has been violated, and, accordingly, summary judgment on this issue is rendered in the plaintiff's favor.

■ Obviously, the "bona fide error" provision of the Truth-in-Lending Statute, 15 U.S.C. § 1640(c), does not protect the creditor here. As has been repeatedly held, that section of the statute applies only in the case of a clerical error.

All of the issues in this case other than those raised by the plea of unconstitutionality having been resolved, this case is transferred to Section E for determination of the constitutional issues raised by that plea.