In re Benjamin **BERNSTEIN**, Debtor.

**FARMERS NATIONAL BANK OF CYNTHIANA**, Plaintiff,

v.

Benjamin **BERNSTEIN**, Defendant.

**Bankruptcy No. 86–01732–BKC–TCB.**
**Adv. No. 86–0623–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

Jan. 7, 1987.

**260**

Edwin M. Culbertson, Cynthiana, Ky., for plaintiff.

Stuart A. Young, Lake Worth, Fla., for defendant.

### ORDER DENYING MOTION FOR ATTORNEY'S FEES

THOMAS C. BRITTON, Chief Judge.

The debtor/defendant's motion (C.P. No. 10) to recover attorney's fees under 11 U.S.C. § 523(d), following the successful defense of an adversary proceeding seeking exception from discharge, was heard on December 16. The debtor is entitled to recover his legal expense: if (a) the position of the creditor was not substantially justified and (b) the debt in question was a consumer debt.

I find that the creditor/plaintiff's position was not substantially justified. The relevant facts are set forth in the Memorandum Decision (C.P. No. 8) and need not be repeated here.

However, this debt was not a consumer debt.

The debt was for $39,000 borrowed by the debtor to pay the attorney's fees incurred by his adult son, as president of a corporation, in defending an indictment against him for fraud in the importation of an automobile which had not been properly modified for introduction into this country.

"Consumer debt" is defined as:

"debt incurred by an individual primarily for a personal, family, or household purpose." § 101(7).

The legislative history reveals that the term and the definition were borrowed from various consumer protection laws. *Bank of Columbia Falls v. Burgess (In re Burgess)*, 22 B.R. 771, 772 (Bankr.M.D. Tenn.1982). In *Burgess* and *West Springfield M.E. Credit Union v. Finnie (In re Finnie)*, 21 B.R. 368 (Bankr.D.Mass.1982), the two reported bankruptcy decisions on this point, the facts are so dissimilar that they are not helpful here. The only circuit decisions which construe the phrase do so in connection with a consumer protection statute. *See, e.g., Tower v. Moss*, 625 F.2d 1161, 1166 (5th Cir.1980) (and cases cited therein). Again, the facts are in no way comparable. The court in *Tower* did not attempt to further refine the statutory definition. It said:

"We must examine the transaction as a whole and the purpose for which the credit was extended in order to determine whether this transaction was primarily consumer or commercial in nature."

In *Kenney v. Landis Financial Group, Inc.*, 376 F.Supp. 852 (N.D.Iowa 1974) the district court construed the phrase in connection with a consumer protection act. The loan had been obtained by the plaintiff, not to purchase a washer and dryer as he claimed, but to finance litigation. The court held the debt was not a consumer debt.

Obviously, this debtor's debt was not incurred either for his personal or household purposes. If it is to fall within the definition in § 101(7), therefore, it must have been incurred for a family purpose. I do not believe that "family" in this context includes relatives who are not a part of the debtor's household nor does it include adult children. Furthermore, the son's debt was clearly for a business purpose and was admittedly for the purpose of financing

litigation. *See Toy National Bank of Sioux City v. McGarr*, 286 N.W.2d 376, 378 (Iowa 1979) (construes business purpose of family member).

It is for the foregoing reasons that I find the debt not to be a consumer debt. Defendant is not, therefore, entitled to a mandatory recovery. He has incurred no court costs and there are no circumstances here which would justify a discretionary award of his attorney's fees.

The motion is denied.