**In the Matter of Lawrence A. LAMOREAUX, Debtor(s).**

**Bankruptcy No. 86–3283 (S–3).**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 8, 1987.

Gerald R. Sage, Tampa, Fla., for debtor.

Chris C. Larimore, Bradenton, Fla., Trustee.

Bay Gulf Federal Credit Union, Gordon J. Schiff, Tampa, Fla., for movant.

## ORDER ON MOTION TO LIFT AUTOMATIC STAY

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration is a Motion to Lift Automatic Stay filed by Bay Gulf Federal Credit Union (Bay Gulf), a creditor in the above-captioned case. Bay Gulf argues that it may enforce its contractual rights under a Visa account pursuant to 11 U.S.C. § 1301(c)(2) against Jennifer L. Lamoreaux (Lamoreaux), a non-debtor and co-obligor on the indebtedness with Lawrence M. Lamoreaux (Debtor). The Court has considered the Motion, together with the record, heard arguments of counsel, and finds as follows:

The Debtor filed a Chapter 13 petition on August 1, 1986. The Second Amended Plan filed by the Debtor proposed to pay 30% (approx.) of all allowed unsecured claims filed in this case. The Debtor is a co-obligor on the Visa account which liability was scheduled as an unsecured claim in the amount of $4,327.48. On November 20, 1986, Bay Gulf filed its Motion to Lift Automatic Stay in order to proceed to collect the 70% (approx.) portion of the debt not provided for by the Chapter 13 plan.

Prior to the enactment of the Bankruptcy Code in 1978, there was no provision in the Bankruptcy Act of 1898 for an automatic stay as such. The Bankruptcy Rules which became effective in 1973 included, for the first time, a provision for each operating chapter, including one for Chapter XIII cases, but failed to include any protection of co-debtors who were not bankrupt but were jointly liable with the bankrupt on certain obligations. It soon became evident that without some protection of co-debtors, the beneficial aims of the relief chapters for individuals debtors with regular income could be in serious jeopardy. What frequently occurred is that as soon as creditors learned that the prime obligor filed a petition, they started to exert pressure on friends or relatives of the debtor as leverage to extract preferential treatment under the plan.

Protection of co-obligors with the Debtor in a Chapter 13 case is now dealt with by § 1301 which provides as follows:

§ 1301 Stay of action against co-debtors

(c) On request of a party in interest and after notice and a hearing, the Court shall grant relief from stay provided by subsection (a) of this section with respect to a creditor, to the extent that—

(1) as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor;

(2) the plan filed by the debtor proposes not to pay such claim; *or*

(3) such creditor's interest would be irreparably harmed by continuation of such stay. (emphasis added).

While this Section was amended by BAFJA in 1984, the amendment has no relevance to the issue under consideration.

It is the contention of the Debtor that the automatic stay imposed by § 1301(a) may not be lifted unless Bay Gulf alleges and proves that the co-debtor protected by the automatic stay received the consideration for the claim held by Bay Gulf *and* that the plan filed by the Debtor proposes not to pay such claim. A literal reading of § 1301 suggests at first blush that before a creditor may obtain relief from the automatic stay, it must prove and allege conditions set forth in subclauses (c)(1) and (c)(2). This is so because there is no disjunctive "or" between subclause (c)(1) and (c)(2); but there is one between subclause (c)(2) and (c)(3). This is precisely the position advanced by the Debtor in opposing the Motion filed by Bay Gulf.

It might be argued that if Congress intended this requirement, it could have easily inserted "or" between (c)(1) and (c)(2) as it did between (c)(2) and (c)(3). However, this reasoning bears no close analysis. This is so because there is no justification whatsoever to stay the collection efforts of

a creditor if the consideration was actually received by the co-obligor and not by the Debtor *or*, in the alternative, if the consideration was received by the Debtor but the plan does not provide for a full repayment of the debt owed to the particular creditor. Any other construction of these provisions clearly would be a violation of the substantive due process right of the creditor, and certainly would not serve the purpose for which this section of the chapter was designed.

The Ninth Circuit Bankruptcy Appellate Panel, in considering the same issue, held that a creditor could obtain relief from the automatic stay in a Chapter 13 case in order to initiate a suit against a co-maker of a note for the amount of the debt not provided for by the plan. *In re Jacobsen,* 20 B.R. 648 (Bankr. 9th Cir.1982). In *Jacobsen, supra,* the Appellate Panel considered this Section and concluded that:

> The stay insulating a co-debtor from suit shall be inoperative to the extent that "the plan filed by the debtor proposes not to pay such claim."

This conclusion is also supported by the legislative history of § 1301(c)(2):

> The Court must grant relief to the extent that the debtor does not *propose* to pay, under the plan, the amount owed to the creditor.

*H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 426 (1977), U.S. Code Cong. & Admin. News 1978, at 5787, 6382* (emphasis added). As noted by the Appellate Panel, it would make little sense to defer such relief when it is known that the creditor will never receive the full amount of the debt under the plan.

Based on the foregoing, this Court is satisfied that the Chapter 13 Amended Plan does not satisfy the Visa claim of Bay Gulf in full and, therefore, the stay should be lifted so that Bay Gulf may proceed against Lamoreaux, the co-obligor and nondebtor, for the percentage (approx. 70%) which will remain unpaid by the Debtor.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Lift Automatic Stay be, and the same is hereby, granted.