**In re CIRCLE FIVE, INC., Debtor.**

**Bankruptcy No. 87–01334–F.**

United States Bankruptcy Court, D. Idaho.

July 15, 1987.

Manderson L. Miles, Knowlton & Miles, Lewiston, Idaho, for debtor.

David R. Risley, Randall, Blake, Cox, Risley & Trout, Lewiston, Idaho, for Federal Land Bank.

S. David Swayne, Moscow, Idaho, Trustee.

## MEMORANDUM DECISION

ALFRED C. HAGAN, Bankruptcy Judge.

The Chapter 12 Debtor moves the Court, pursuant to 11 U.S.C. § 1201 to extend relief of stay to non debtor individuals who signed, and guaranteed, indebtedness to Twin River National Bank and Federal Land Bank of Spokane; or in the alternative, Debtor asks the Court to issue a special stay under 11 U.S.C. § 105. Federal Land Bank objects to the granting of stay protection to the codebtors.

## FACTS

The Debtor is a sub chapter S Corporation whose individual stockholders are brothers and sisters. On April 17, 1987 the Debtor filed for relief under Chapter 12 of the Bankruptcy Code as a family farming corporation.

On March 22, 1979, Federal Land Bank made a real estate loan to the Debtor and its then five shareholders and spouses. All the parties are family members and signed the promissory note. The current amount of debt owed the Federal Land Bank is approximately $402,000.00. The parties stipulate the Federal Land Bank will not be paid in full through the Debtor's plan.

## SECTION 1201

Section 1201 provides:

(a) Except as provided in subsection (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part

of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt, unless—

(1) such individual became liable on or secured such debt in the ordinary course of such individual's business; or

(2) the case is closed, dismissed, or converted to a case under chapter 7 of this title.

. . . .

"Consumer debt" means

Debt incurred by an individual primarily for a personal, family, or household purpose;[1]

The term consumer debt is adopted from the definition used in various consumer protection laws.[2] "Consumer debt" as used in the Code is from the definition of consumer goods as set out in the Uniform Commercial Code.[3]

The critical factor is the use of goods in the production of income, as opposed to normal consumptive activity by an individual.[4]

■ For a debt to be a consumer debt it must be incurred principally to achieve a personal, family or household good. Consumer debts are not debts secured by real estate.[5] "Family" does not include relatives who are not a part of the debtor's household, nor does it include adult children.[6] Debts for a business purpose are not consumer debts.[7]

■ The Code does not specifically define individual, but it does define person to include individual, partnership and corporation.[8] The definition of corporation includes

(i) association having a power or privilege that a private corporation, but not an individual or a partnership, possesses;

(ii) partnership association organized under a law that makes only the capital subscribed responsible for the debts of such association;

(iii) joint-stock company;

(iv) unincorporated company or association; or

(v) business trust; but

(B) does not include limited partnership;[9]

A corporation is not an individual within the code and can not incur a consumer debt.

■ The Debtor is a family farm corporation. The debt incurred is secured by real property. The real property is for the purpose of the farm operation. The farm operation is a business for the production of income. Debt used to produce income is not a consumer debt "primarily for a personal, family or household purpose".

■ Even if the debt was a consumer debt, in this instance, the codebtor would not be entitled to the stay provisions of § 1201. A creditor shall be granted relief of stay on a codebtor claim if "the plan filed by the debtor proposes not to pay such claim."[10] The parties have agreed the Debtor's plan will not pay the full amount of the Federal Land Bank claim. The Creditor has the right to pursue its claim against the codebtor for the amount not provided by the plan.[11]

For the foregoing reasons I find the debts are not consumer debts of an individual, therefore the cosigners are not protected by § 1201.

1. 11 U.S.C. § 101(7)

2. *In re Kelly,* 70 B.R. 109, 112 (9th Cir. BAP 1986); *In re Bernstein,* 71 B.R. 259, 260 (Bankr. S.D.Fla.1987); *In re Costantino,* 72 B.R. 189, 192 (Bankr.D.S.C.1986).

3. *In re Costantino,* 72 B.R. at 192.

4. *Id.*

5. *In re Kelly,* 70 B.R. at 111.

6. *In re Bernstein,* 71 B.R. at 260

7. *Id.*

8. 11 U.S.C. § 101(35)

9. 11 U.S.C. § 101(8)

10. 11 U.S.C. § 1201(c)(2)

11. *In re Jacobsen,* 20 B.R. 648, 650 (9th Cir. BAP 1982); *In re Lamoreaux,* 69 B.R. 301, 302 (Bankr.M.D.Fla.1987).

Debtor's motion will be denied by separate order.