**Horace F. Mason et al., Petitioners-Appellants, v. King Cutkomp and Theodore N. Morrison, Objectors-Appellees.**

### Gen. No. 11,053.

Second District, Second Division.

October 9, 1957.

Rehearing denied December 31, 1957.

Released for publication December 31, 1957.

Franklin S. Wallace, and Eagle & Eagle, of Rock Island, for appellants.

Oakleaf & Churchill, of Moline (Cyrus Churchill, of counsel) for appellees.

JUSTICE SOLFISBURG delivered the opinion of the court.

This is a statutory proceeding arising under Section 20—13 and Section 19—59 of the Revised Cities and Villages Act (S.H.A. Ch. 24, Section 20—13 and Section 19—59). Over 1900 electors of the city of Rock Island, Illinois, filed their petition on November 9, 1956, asking for an election on the question of abandoning the managerial form of municipal government, sometimes known as the city manager form of government. On November 14, 1956, objections were filed to the petition, the principal objection being that the petition was prematurely filed since it was filed before the expiration of four years of operation of managerial government in Rock Island. The petition and the objections came on for hearing before the Honorable Leonard E. Telleen, Judge of the Circuit Court of Rock

Island county, pursuant to Section 19—59 of the Revised Cities and Villages Act, and the court held that the petition had been prematurely filed, and was, therefore, insufficient. From that decree, in the nature of a decree in chancery, the petitioners have appealed to this court.

The sole issue in this case is the sufficiency of the petition in question. Authority for the petition must be found in Section 20—13 of the Revised Cities and Villages Act previously referred to. Accordingly, the precise question before us is whether Section 20—13 permits the filing of a petition of this kind before the municipality has had a full four years of city manager government.

Section 20—13 of the Revised Cities and Villages Act (S.H.A. Ch. 24, Section 20—13) provides in pertinent part:

"Sec. 20—13. *Abandonment of managerial form*

"Any city or village which has operated for four years or more under the Managerial Form of Municipal Government may abandon such organization in the manner herein provided. When a petition therefor signed by electors of the municipality equal in number to at least 10% of the number of votes cast for candidates for mayor at the preceding general quadrennial municipal election is filed with the city or village clerk (or with such officer as may perform the duties of such clerk with respect to elections) or with the board of election commissioners in cities and villages that have such boards, the following proposition shall be submitted at the next municipal election to be held at least 60 days after the filing of such petition: 'Shall the city (or village) of ........... abandon the Managerial Form of Municipal Government?' The petition specified in this section shall be in the same form, its sufficiency shall be determined in the same manner, the election hereunder shall be ordered and

380

conducted, and the results declared, as provided in Sections 19—58 to 19—60, inclusive, of this Act, in so far as they may be applicable.

"If the proposition for abandonment is approved, such city or village shall become subject to the provisions of Article 9 or of Article 19, whichever article was in force in such city or village immediately prior to the adoption of the plan authorized by this Article, except as otherwise hereafter provided in this Article.

"Upon the election and qualification of officers to be elected at the next succeeding general municipal election which officers shall be those prescribed by Articles 9 or 19 of this Act, as the case may be, but such change shall not in any manner or degree affect the property rights or liabilities of such city or village . . .

"The proposition to abandon the Managerial Form of Municipal Government shall not be submitted in any city or village oftener than once in four years. 1941. Aug. 15, Laws 1941, vol. 2, P. 19, Par. 20—13, added 1951, July 9, Laws 1951, p. 1001, Sec. 1."

 The primary purpose of statutory construction is to ascertain the intention of the legislature, and in determining such intent courts will consider the language used, the evil to be remedied and the object to be attained, Jones v. Pebler, 371 Ill. 309, 311, 20 N.E.2d 592, 125 A.L.R. 451. The statute itself affords the best means of its exposition, and if the intent of the legislature can be ascertained from its provisions, such intent will prevail without resorting to other aids to construction, People ex rel. Blome v. Nudelman, 373 Ill. 220, 25 N.E.2d 811. People v. West Side Trust and Savings Bank, 362 Ill. 607, 619. Where the language used in a statute is plain and unambiguous, there is no room for construction, Roth v. Kaptowsky, 401 Ill. 424, 430, 82 N.E.2d 661, 7 A.L.R.2d 674, Kinney

v. County Board of School Trustees of LaSalle County, 7 Ill.App.2d 286, 294, 129 N.E.2d 292.

This case hinges on a proper construction of the first sentence of Section 20—13 of the Revised Cities and Villages Act which reads:

"Any city or village which has operated for four years or more under the Managerial Form of Municipal Government may abandon such organization in the manner herein provided."

■ It is the position of the petitioners-appellants that this sentence means that managerial government cannot be terminated before it has been in operation for four years, but that the initial steps looking toward its termination—namely, filing the required petition and holding the election—may take place before the expiration of the four years of city manager government. Appellants argue that by so providing, it was the intent of the legislature to merely guarantee that managerial government should endure a minimum period of four years. On the other hand, the appellees contend that the first sentence of Section 20—13 prohibits the filing of the necessary petition prior to the time that managerial government has been in operation for four years. Appellees urge in substance that the legislative intent expressed in Section 20—13 is clearly to provide a full four year trial period during which the citizenry have the opportunity to observe the managerial form of municipal government in operation without the unrest, expense or excitement that would necessarily accompany a petition or election looking to a possible change from that form of municipal government.

The parties have advanced certain additional arguments to support their positions. We have carefully considered them, together with the authorities cited in the briefs and arguments. However, we believe that in construing the statutory provision before us, we

382

must ultimately return to Section 20—13 itself. It seems apparent that the General Assembly, by the language it employed, intended that abandonment of city manager government, including the filing of a petition and the holding of an election on the question, not be permitted until the municipality involved has operated a full four years or more under the managerial form of municipal government.

The statute makes the petition, election and abandonment or retention of a city manager government part of one series of acts, and, contrary to petitioner's argument, there is nothing in the language of the statute to support the view that the petition and election or either of them were intended by the legislature as mere "preliminary steps" to abandonment.

Furthermore, we see in Section 20—13 a plain legislative intent to provide a minimum trial period for city manager government to operate free from the instability, unrest and uncertainty that obviously would attend proceedings looking to its possible termination. It is more than a matter of the waste and expense of frequent elections, but involves the question of whether or not a form of municipal government adopted by the voters should be afforded the opportunity to function in a stable atmosphere such that the electorate can fairly determine whether it provides a form of government which is desirable to it.

Petitioners insist that to adhere to the construction urged by the objectors and adopted by the trial court is to prevent the actual abandonment of managerial government until the end of six years. This, they say, is the practical consequence of such a construction. For their part, the objectors propose certain hypothetical problems to illustrate what they believe would be the practical difficulties ensuing from the adoption of petitioners' views. These problems pertain largely to the matter of proper timing of the elections required

383

by Section 20—13. While we have studied these arguments with considerable interest, we conclude that any difficulties of procedure under the statute are not serious ones, and that they cannot be determinative of the issue before us. As was said in People ex rel. Carruthers v. Cooper, 404 Ill. 395, 399,

"Such considerations cannot be utilized to sustain a construction at variance with the plain meaning of the statutory language. They are arguments appropriately addressed to the legislature. The function of this court is to construe the statute in accordance with the normal import of the words used, whatever its opinion may be regarding the desirability of results produced by the operation of the statute."

The same type of statutory provision as that under consideration is found in Section 19—70 of the Revised Cities and Villages Act (S.H.A. Ch. 24, Section 19—70) which refers to abandonment of the commission form of municipal government. That provision provides that:

"Any municipality, which was operated for *more than* two years under the commission form of government, may abandon its operation under this article and accept the provisions of the general law of the State then applicable to municipalities by proceeding as follows: . . ." (Italics supplied)

Then the section describes a procedure very similar to the procedure contained in Section 20—13, and there appears the following two sentences in the third paragraph of Section 19—70:

"However, in municipalities with less than fifty thousand inhabitants this proposition shall only be submitted within the year preceding the expiration of the terms of office of the elective officers of the municipality and shall not be submitted oftener than once in

384

that year. *In municipalities with fifty thousand or more inhabitants this proposition shall not be submitted oftener than once in two* years." (Italics supplied)

The last paragraph of Section 20—13 now before us reads:

"The proposition to abandon the Managerial Form of Municipal Government shall not be submitted in any city or village oftener than once in four years."

The fact that the legislature has unmistakably provided that the commission form of municipal government may not be abandoned until after the expiration of more than two years of operation, and that the question of abandonment shall not be submitted to the voters oftener than once in two years, further leads us to conclude that the construction which we have adopted is the correct one and that this construction does not conflict in any way with the final paragraph of Section 20—13.

Our attention has been called to the fact that in 1931 the General Assembly enacted a validating act with respect to the statute concerning abandonment of commission form of government. The validating act used the following language:

"In all cases where any city shall have adopted the provisions of an act entitled 'An Act to amend an Act entitled "An Act to provide for the incorporation of cities and villages" approved April 10, 1872, in force July 1, 1872, and all acts amendatory thereto by adding thereto Article XIII,' in force July 1, 1910, commonly known as the commission form of municipal government act and shall have operated thereunder *for at least two years and thereafter at a special election called and held for that purpose as permitted by Section 49 of said Act,* a majority of the electors of such city voting upon the proposition voted, etc.—" (Italics supplied)

385

The italicized words show quite plainly that the legislature intended that elections were to take place after the expiration of two years. This further confirms our conclusion with respect to the analogous provisions for abandonment of the managerial form of municipal government, namely, that all the various steps in connection therewith are part of one series of acts, none of which may precede the expiration of the period of time set out in the statute.

In view of the foregoing, we hold that the decree of the Circuit Court of Rock Island county was correct in all respects, and it is hereby affirmed.

Decree affirmed.

CROW, P. J. and WRIGHT, J., concur.