The FLIPSIDE, HOFFMAN ESTATES,
INC., an Illinois Corporation, Plaintiff,

v.

VILLAGE OF HOFFMAN ESTATES,
Illinois, a Municipal Corporation et
al., Defendants.

No. 78 C 2114.

United States District Court,
N. D. Illinois, E. D.

Feb. 11, 1980.

sells an item, effect, paraphernalia or thing which is designed or marketed for use with illegal cannabis or drugs must obtain a license for $150.00, file affidavits averring that the intended licensee and its employees have never been convicted of a drug related offense, and keep records which on inspection will disclose to the police each item sold and to whom. The sale of such items to minors is prohibited; and the ordinance provides for a fine of not less than $10.00 and up to $500.00 for any violation of its terms.

Plaintiff alleges in its complaint that this ordinance is vague, overbroad, capable of being arbitrarily enforced, and not reasonably related to any legitimate governmental objective of the village in controlling drug abuse. It claims that enactment and enforcement of the ordinance will deprive plaintiff of rights guaranteed by the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution, and that the terms of the ordinance when applied to the plaintiff violate the First Amendment and the commerce clause of the Constitution. On filing of its suit, plaintiff moved for a preliminary injunction which after a hearing the court denied. Then the cause was tried without a jury on the presented evidence and stipulated testimony. The following are the material facts.

Michael L. Pritzker, Marvin Leavitt, R. Brent Daniel, Pritzker and Glass, Ltd., Chicago, Ill., for plaintiff.

Richard N. Williams, Hoffman Estates, Ill., for defendants.

### Memorandum

LEIGHTON, District Judge.

This suit is against a village, several of its officials, and its trustees, for injunctive relief, damages, and a judgment declaring that a certain village ordinance is unconstitutional. Jurisdiction of this court is invoked under 28 U.S.C. §§ 1331, 1343(3) and (4). The ordinance in question requires that any person who, within the village,

## I.

The plaintiff in this case is Flipside, Hoffman Estates, Inc., an Illinois corporation engaged in interstate commerce as Flipside Records, 2348 West Higgins Road in the village of Hoffman Estates, Illinois. Defendants are the village, an Illinois home rule municipality that has a population of approximately 37,000; and in their individual as well as official capacities, Virginia M. Hayter, village president; Richard Williams, village attorney; John O'Connell, village chief of police; William W. Cowin, William A. Palmer, Bruce C. Lind, Ralph H. Lyerla, Thomas W. Taylor, Lee Dogion, village trustees.

For more than three years prior to May 1, 1978, plaintiff sold phonograph records, tapes, record accessories, novelty devices, and jewelry. In addition, it sold literature that included "A Child's Garden of Grass", "Marijuana Grower's Guide", and magazines such as "National Lampoon", "Rolling Stone", and "High Times". The novelty devices and tobacco-use related items plaintiff displayed and sold in its store ranged from small commodities such as clamps, chain ornaments, and earrings through cigarette holders, scales, pipes of various types and sizes, to large water pipes, some designed for individual use, some which as many as four persons can use with flexible plastic tubes. Plaintiff also sold a large number of cigarette rolling papers in a variety of colors. One of plaintiff's displayed items was a mirror, about seven by nine inches with the word "Cocaine" painted on its surface in a purple color. Plaintiff sold cigarette holders, "alligator clips", herb sifters, vials, and a variety of tobacco snuff.

The defendant village, for a long time prior to the date of this controversy, regulated more than 80 items or businesses, including florists, grocers and other merchants. Licensing of the sale of these items was governed by a municipal code which on October 3, 1977 was amended to provide for an administrative review procedure within the village. Under this amendment, the action of any village department could on request of an aggrieved person be placed on the agenda of an appropriate committee for review.

On February 20, 1978, an authorized quorum of the village trustees acted on the following proposal.

ORDINANCE NO. 969–1978

AN ORDINANCE AMENDING THE MUNICIPAL CODE OF THE VILLAGE OF HOFFMAN ESTATES BY PROVIDING FOR REGULATION OF ITEMS DESIGNED OR MARKETED FOR USE WITH ILLEGAL CANNABIS OR DRUGS

WHEREAS, certain items designed or marketed for use with illegal drugs are being retailed within the Village of Hoffman Estates, Cook County, Illinois, and

WHEREAS, it is recognized that such items are legal retail items and that their sale cannot be banned, and

WHEREAS, there is evidence that these items are designed or marketed for use with illegal cannabis or drugs and it is in the best interests of the health, safety and welfare of the citizens of the Village of Hoffman Estates to regulate within the Village the sale of items designed or marketed for use with illegal cannabis or drugs.

NOW THEREFORE, BE IT ORDAINED by the President and Board of Trustees of the Village of Hoffman Estates, Cook County, Illinois as follows:

*Section 1*: That the Hoffman Estates Municipal Code be amended by adding thereto an additional section, Section 8–7–16, which additional section shall read as follows:

Sec. 8–7–16—ITEMS DESIGNED OR MARKETED FOR USE WITH ILLEGAL CANNABIS OR DRUGS

A. License Required:

It shall be unlawful for any person or persons as principal, clerk, agent or servant to sell any items, effect, paraphernalia, accessory or thing which is designed or marketed for use with illegal cannabis or drugs, as defined by Illinois Revised Statutes, without obtaining a license therefor. Such licenses shall be in addition to any or all other licenses held by applicant.

B. Application:

Application to sell any item, effect, paraphernalia, accessory or thing which is designed or marketed for use with illegal cannabis or drugs shall, in addition to requirements of Article 8–1, be accompanied by affidavits by applicant and each and every employee authorized to sell such items that such person has never been convicted of a drug-related offense.

C. Minors:

It shall be unlawful to sell or give items as described in Section 8–7–16A in any form to any male or female child under eighteen years of age.

D. Records:

Every licensee must keep a record of every item, effect, paraphernalia, accessory or thing which is designed or marketed for use with illegal cannabis or drugs which is sold and this record shall be open to the inspection of any police officer at any time during the hours of business. Such record shall contain the name and address of the purchaser, the name and quantity of the product, the date and time of the sale, and the licensee or agent of the licensee's signature, such records shall be retained for not less than two (2) years.

E. Regulations:

The applicant shall comply with all applicable regulations of the Department of Health Services and the Police Department.

*Section 2*: That the Hoffman Estates Municipal Code be amended by adding to Sec. 8–2–1 Fees: Merchants (Products) the additional language as follows:

Items designed or marketed for use
with illegal cannabis or drugs        $150.00

*Section 3*: Penalty. Any person violating any provision of this ordinance shall be fined not less than ten dollars ($10.00) nor more than five hundred dollars ($500.00) for the first offense and succeeding offenses during the same calendar year, and each day that such violation shall continue shall be deemed a separate and distinct offense.

The ordinance was adopted, effective May 1, 1978. To it was attached the form of affidavit which an applicant for the required license was to execute concerning absence of any conviction of a drug related offense. The form of record which had to be kept showing sales of items designed or marketed for use with illegal cannabis or drugs was also attached to the enactment. A short time later, before the suit in this case was filed, the village attorney prepar-

ed a set of license guidelines which became an integral part of the ordinance.

LICENSE GUIDELINES FOR ITEMS, EFFECT, PARAPHERNALIA ACCESSORY OR THING WHICH IS DESIGNED OR MARKETED FOR USE WITH ILLEGAL CANNABIS OR DRUGS

Paper—white paper or tobacco oriented paper not necessarily designed for use with illegal cannabis or drugs may be displayed. Other paper of colorful design, names oriented for use with illegal cannabis or drugs and displayed are covered.

Roach Clips—designed for use with illegal cannabis or drugs and therefore covered.

Pipes—if displayed away from the proximity of nonwhite paper or tobacco oriented paper, and not displayed within proximity of roach clips, or literature encouraging illegal use of cannabis or illegal drugs are not covered; otherwise, covered.

Paraphernalia—if displayed with roach clips or literature encouraging illegal use of cannabis or illegal drugs it is covered.

Soon after the enactment of the ordinance, plaintiff was notified that it was subject to the terms of the ordinance, and that sales of the items covered without complying with the terms would be a violation and subject plaintiff to its penalties. A copy of the ordinance and the guidelines were available to the plaintiff and those who protected its interests. Plaintiff chose not to apply for the license required. Instead, acting through its agents and employees, it elected to remove from the shelves of its store more than eighty items which were believed to fall within the terms of the ordinance. Then plaintiff, on May 30, 1978, filed this suit alleging that the ordinance in question was vague and thus void; that its terms violated Article I of the Constitution of the United States in that it interferred with the plaintiff's business; that the ordinance violated the com-

merce clause of the federal Constitution and deprived plaintiff of rights secured to it by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States. Plaintiff prayed that this court restrain defendants from enforcing Ordinance No. 969–1978, Section 8–7–16, and that this court declare in a judgment that the ordinance was violative of the constitutional protections alleged by plaintiff and thus was void and unenforceable. Defendants' answer denied plaintiff's allegations and its claims for relief. In post-trial briefs, the parties have submitted their arguments and contentions on the issues presented.

## II.

### A.

■ The first issue is whether the ordinance in question is vague, and thus its application to the plaintiff and its business violates the due process clauses of the Fifth and Fourteenth Amendments to the Constitution. Vague laws offend several important values in our society. *Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). They may trap the innocent by not providing fair warning; they may fail to provide explicit standards for those who apply them; they impermissibly delegate basic policy matters for resolution on an *ad hoc* and subjective basis, with attendant dangers of arbitrary and discriminatory application. *Id.* at 108, 92 S.Ct. at 2298.

■ A law may run afoul of the vagueness doctrine even though it does not impose criminal sanctions because the fundamental defect is not the penalty but rather "the exaction of obedience to a rule or standard . . . so vague and indefinite as really to be no rule or standard at all." *A. B. Small Co. v. American Sugar Refining Co.*, 267 U.S. 233, 239, 45 S.Ct. 295, 297, 69 L.Ed. 597 (1925); *see Horn v. Burns and Roe*, 536 F.2d 251 (8th Cir. 1976). Accordingly, the due process clause of the federal Constitution requires that civil and criminal enactments, and regulations promulgated

pursuant thereto, be sufficiently clear that persons who are affected can gain a reasonably clear idea of what the law requires of them. *Franklin v. First Money, Inc.*, 427 F.Supp. 66, 67 (E.D.La.1976), *aff'd*, 599 F.2d 615 (5th Cir. 1979). In determining whether a legislative enactment meets these requirements the same rules of construction are used whether it is a statute or ordinance. *Martin v. King*, 417 F.2d 458, 461 (10th Cir. 1969).

■ This prohibition against vagueness does not invalidate every ordinance which a court believes could have been drafted with greater precision. Many ordinances will have some inherent vagueness, for "[i]n most English words and phrases there lurk uncertainties". *Robinson v. United States*, 324 U.S. 282, 286, 65 S.Ct. 666, 668, 89 L.Ed. 944 (1945). All the due process clause requires is that a law should give warnings sufficient to enable a person, in the conduct of his or her affairs, to avoid that which is forbidden. *Rose v. Locke*, 423 U.S. 48, 50, 96 S.Ct. 243, 46 L.Ed.2d 185 (1975). Therefore, a statute or ordinance is unconstitutionally vague when it fails to give fair notice of what it prohibits. *State v. Zwicker*, 41 Wis.2d 497, 164 N.W.2d 512, *appeal dismissed* 396 U.S. 26, 90 S.Ct. 199, 24 L.Ed.2d 147 (1969).

■ However, in determining whether a statute or ordinance is vague, a court should bear in mind that "[t]he Office of Judges is always to make such construction as to suppress the Mischief [which is the object of the law] and advance the Remedy; and to suppress subtle Inventions and Evasions for Continuance of the Mischief." *Heydon's Case*, 3 Co. 7a, 7b, *Magdalon College Case*, 11 Co. 66b, 73b, *quoted in United States v. Second National Bank of North Miami*, 502 F.2d 535, 541 (5th Cir. 1974), *cert. denied* 421 U.S. 912, 95 S.Ct. 1567, 43 L.Ed.2d 777 (1975); *see Mason v. Cutkomp*, 15 Ill.App.2d 378, 146 N.E.2d 382 (1957). When faced with the question whether words of a statute or ordinance are of sufficient clarity, a court must first look to the language of the law itself. *Higgins v. Marshall*, 190 U.S.App.D.C. 54, 584 F.2d 1035,

1037 (D.C. Cir. 1978), *cert. denied*, 441 U.S. 931, 99 S.Ct. 2051, 60 L.Ed.2d 659 (1979). All laws should receive a sensible construction. *Cartledge v. Miller*, 457 F.Supp. 1146, 1158 (S.D.N.Y.1978). Where there is no accumulation of jurisprudence on the actual meaning of the words used in an enactment, and the terms are not defined, a court must assume that those who used the words did so intending them to have the meaning commonly and ordinarily understood. *United States v. Porter*, 591 F.2d 1048, 1053 (5th Cir. 1979).

■ In the case at hand, the parties agree that the ordinance with which they are concerned is a regulation enacted by an Illinois home rule municipality, and that the subject matter sought to be regulated is properly within the municipal police power. The required annual license fee of $150.00 is a charge calculated to furnish funds necessary to administer the ordinance. It is expected that fines which will range from $10.00 to $500.00 for each violation will effectuate its enforcement. By its terms, the ordinance applies only to the sale of "any items, effect, paraphernalia, accessory or thing which is designed or marketed for use with illegal cannabis or drugs, as defined by the Illinois Revised Statutes . . .". The statutes referred to are ch. 56½ §§ 703(a), 1102(g), Ill.Rev.Stat. (1977).

■ It is obvious that this ordinance is not a model of legislative clarity; defendants do not claim that it is. Its purpose, nonetheless, is evident. It prohibits the sale or gift of the items covered to any minor; and it appears from the evidence that when it was adopted, those who drafted it, proposed it, and voted on it, intended it as a means of coping with the social problem of drug abuse in this small community located within the greater Chicago metropolitan area. The operative words are not defined, but there is no indication that the crucial words "items," "effect," "paraphernalia," "accessory," or "thing" are to be given a technical meaning; they are, in fact, ordinary words. In the construction of statutes and ordinances, absent some established technical definition, the words used must be given their common ordinary meaning, *Sheehan v. Scott*, 520 F.2d 825, 829 (7th Cir. 1975), unless the clear intent of the enacting body requires otherwise. *Schreibman v. L. I. Combs & Sons, Inc.*, 337 F.2d 410, 412 (7th Cir. 1964); 82 C.J.S. Statutes § 329; 73 Am.Jur.2d Statutes § 206.

There is no guidance from court decisions, no accumulation of jurisprudence, on the actual meaning of the crucial words of this ordinance, particularly in the context of what is now known as drug paraphernalia enactments. *See* Note, *Paraphernalia for Marijuana and Hashish Use: Possession Statutes and Indiana's Pipe Dream*, 10 Val. Univ.L.Rev. 353 (1976). However, reference can be made to a dictionary. *See Heyen v. Willis*, 94 Ill.App.2d 290, 236 N.E.2d 580 (1968); *Nomura (America) Corp. v. United States*, 299 F.Supp. 535 (Cust.Ct. 1969), *aff'd*, 435 F.2d 1319, 58 CCPA 82 (1969); 73 Am.Jur.2d Statutes § 223. When this is done Webster's Third New International Dictionary (Unabridged ed. 1971) tells us at p. 1203, that "item" (the ordinance uses the plural) means "something produced by manufacturing or manual labor or in some other way: a piece of goods . . ."; at p. 724, that "effect" means "movable property: goods (such as clothing, jewelry, and other personal property)"; at p. 11, that "accessory" means "an object or device that is not essential in itself but that adds to the beauty, convenience or effectiveness of something else . . ."; and at p. 2376, that "thing" means "possessions, goods: whatever may be possessed or owned or be the object of a right; such as equipment or utensils especially for a particular purpose."

As to the word "paraphernalia", one court has said that it "is not a technical word in the law of crimes, although it may be in the law of property. The word is a word in common usage. Roget's Thesaurus defines it as a noun, plural, meaning belongings, equipment, accessories." *People v. Watkins*, 126 Cal.App.2d 199, 271 P.2d 641, 645 (1954). To those persons who would purchase "paraphernalia . . . designed or marketed for use with illegal

cannabis or drugs . . .", within the meaning of the subject ordinance, the word "paraphernalia" is becoming an accepted term. The Court of Appeals for the 8th Circuit has had occasion to observe that "in recent years 'paraphernalia' has become a standard vocabulary word in the vernacular of the drug community, including both drug users and drug enforcement personnel." *United States v. Johnson*, 541 F.2d 1311, 1315 (8th Cir. 1976). Webster tells us, at p. 1638 that "paraphernalia" means "articles of equipment . . .".

Plaintiff attaches importance to the testimony of the village attorney who drafted the subject ordinance. It points to several of his statements and argues that they show that not even he knew the meaning of the words used in the village enactment. For example, plaintiff calls attention to the fact that in explaining whether he thought any specific article fell within the ordinance, the attorney said, "[I]t would be up to a police officer to tell me whether they had been designed or used . . .". In this court's judgment, these portions of the village attorney's testimony are taken out of context. At the time he answered the question referred to, he was explaining his dependence on police officers telling him in what manner items potentially within the terms of the ordinance were displayed in a particular store. Thus, the village attorney was explaining his views concerning enforcement of the ordinance, and his dependence on the report of a police officer.

Reliance is also placed on the testimony of the village president, who, the plaintiff contends, revealed an inability to define or describe what items were regulated or prohibited by the subject ordinance. However, the complete testimony of this witness shows she was not an expert on the questions involved. As she explained, her actions in this matter were based on knowledge of drug paraphernalia she acquired from people who knew the subject. It is obvious from the testimony of this witness that when she voted to adopt the subject ordinance she and her fellow trustees relied on the knowledge of persons acquainted with the problem about which they were legislating. More important, however, is the fact that at the time plaintiff was told the ordinance was in effect, there was a set of guidelines which could be used in determining whether it applied to a particular business. In addition, the village trustees had enacted an administrative review ordinance which furnished a means by which any applicant for a license could have a hearing if there was any disagreement about the applicability of the ordinance to a particular item or business.

The guidelines adopted almost contemporaneously with the ordinance, together with the terms used, lead this court to conclude that the operative words of the ordinance under attack are not vague. They are common, ordinary expressions, the meaning of which is known to everyone familiar with the English language. They are sufficiently clear that all persons that acted for and on behalf of the plaintiff could gain a reasonably clear idea of what the ordinance required of anyone who desired, within the village, to sell "any items, effect, paraphernalia, accessory or thing which is designed or marketed for use with illegal cannabis or drugs . . .".

Proof that these conclusions are valid is best shown by the conduct of those who acted on plaintiff's behalf. As soon as they were advised that the subject ordinance was in force, they unerringly went to the shelves in plaintiff's store and removed all items they thought fell within the ban of the new law, a total of 72. The court has examined each; they are described in the record of this case. Their removal from the shelves of plaintiff's store successfully placed it in compliance with the ordinance. Defendants concede that plaintiff no longer is selling any "items, effect, paraphernalia, accessory or thing which is designed or marketed for use with illegal cannabis or drugs, as defined by the Illinois Revised Statutes . . .". Obviously, plaintiff was not hampered by any vagueness in the words of the subject ordinance.

B.

The second issue is whether, as plaintiff contends, the ordinance in question is viola-

tive of rights protected by the First Amendment to the federal Constitution. In an extensive brief, citing the leading First Amendment decisions of the United States Supreme Court, plaintiff argues that enforcement of this ordinance against it will have a chilling effect on its sale and distribution of literature, and that enforcement of the ordinance will restrict its design and marketing strategies which plaintiff contends constitute protected commercial speech.

These arguments are highly sophisticated, indeed ingenious, but defendants meet them with the blunt assertion that the subject ordinance does not present any First Amendment question. In no way, they argue, does this ordinance speak to matters of literature or speech. Defendants point out that as an aid to identification of marketing intent, the village attorney provided guidelines which made it clear that if the items covered by the ordinance were displayed with drug oriented literature, the marketing intent would be evident; and therefore, the presumption applied in *Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969) would be stronger. Even then, say defendants, neither the ordinance nor the guidelines are intended to regulate or limit plaintiff's First Amendment rights.

This court agrees with defendants. The ordinance in question does not purport to prohibit advertisement or the expression of commercial ideas as in *Record Museum v. Lawrence Township*, 481 F.Supp. 768 (D.N.J.1979), and in *Bambu Sales, Inc. v. Gibson*, 474 F.Supp. 1297 (D.N.J.1979). Even in the case of a state criminal statute, the mere allegation of a "chilling effect" on First Amendment rights is not sufficient to warrant the exercise of this court's equitable powers to restrain enforcement of an ordinance. *Younger v. Harris*, 401 U.S. 37, 42, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Record Head Inc. v. Olson*, 476 F.Supp. 366, 372 (D.N.D.1979).

The ordinance defines the scope of the items regulated by the manner in which they are designed or marketed. As plaintiff points out, recent Supreme Court deci-

sions establish that commercial speech is not "wholly outside the protection of the First Amendment." *Virginia Pharmacy Board v. Virginia Citizens Consumer Council*, 425 U.S. 748, 761, 96 S.Ct. 1817, 1825, 48 L.Ed.2d 346 (1976). However, these same decisions emphasize that commercial speech that is false, deceptive, or proposes illegal activity may be regulated or prohibited. *Pittsburgh Press Co. v. Pittsburgh Commission on Human Relations*, 413 U.S. 376, 388, 93 S.Ct. 2553, 2560, 37 L.Ed.2d 669 (1973) ("We have no doubt that a newspaper constitutionally could be forbidden to publish a want ad proposing a sale of narcotics . . . .".) *See Friedman v. Rogers*, 440 U.S. 1, 99 S.Ct. 887, 59 L.Ed.2d 100 (1979); *Bates v. State Bar of Arizona* 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977); *Linmark Associates v. Township of Willingboro*, 431 U.S. 85, 97 S.Ct. 1614, 52 L.Ed.2d 155 (1977). The ordinance presented here is narrowly drawn to limit only the sale of items "marketed for use with illegal cannabis or drugs." Thus, even assuming that marketing is a form of advertising entitled to some degree of First Amendment protection, the restriction applied by this ordinance does not infringe on any protected First Amendment activity. Even if it did, the area of First Amendment freedoms can within narrow limits be subjected to regulation imposed by a reasonable licensing ordinance. *Universal Film Exchanges, Inc. v. City of Chicago*, 288 F.Supp. 286 (N.D.Ill. 1968); *Pent-R-Books, Inc. v. United States Postal Service* 328 F.Supp. 297 (E.D.N.Y. 1971).

### C.

Nor is the subject ordinance overbroad, as plaintiff claims. The concept of "overbreadth" applies where the language of a statute or ordinance, given its normal meaning, is so broad that its sanctions may apply to conduct protected by the Constitution. *Landry v. Daley*, 280 F.Supp. 938, 951 (N.D.Ill.1968) *appeal dismissed*, 393 U.S. 220, 89 S.Ct. 455, 21 L.Ed.2d 392, *rev'd*, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971); *Overstock Book Co. v. Barry*, 305

F.Supp. 842 (E.D.N.Y.1969), *aff'd*, 436 F.2d 1289 (2nd Cir. 1970); *Medrano v. Allee*, 347 F.Supp. 605 (S.D.Tex.1972) *affirmed in part, vacated in part, and remanded*, 416 U.S. 802, 94 S.Ct. 802, 40 L.Ed.2d 566 (1974). The doctrine embodies the constitutional principle that governmental purpose to control or prevent activities may not be achieved by means which sweep unnecessarily broadly and thereby invade areas of protected freedoms. *People v. Dominick*, Co.Ct., 326 N.Y.S.2d 466, 472 (1971). As discussed above, this ordinance does not invade any areas protected by the First Amendment. Also, the ordinance is not a criminal ordinance, unlike the one considered in *Bambu Sales, Inc. v. Gibson*, 474 F.Supp. 1297 (D.N.J.1979); *see* Annot. 92 A.L.R. 47. As further pointed out below, in the discussion of the equal protection issues raised by the plaintiff, the village does have a legitimate interest in controlling the growing use of illegal drugs, and regulating the sale of drug paraphernalia is a rational way of furthering that interest. Considering this, the language of the ordinance is carefully designed to reach only that activity which the village may legitimately regulate—the sale of paraphernalia designed or marketed for use with illegal drugs. Plainly, by no construction of the Constitution has the plaintiff any right to sell, either in the village of Hoffman Estates or anywhere else, any "items, effect, paraphernalia, accessory or thing which is designed or marketed for use with illegal cannabis or drugs . . .". The ordinance does not regulate any activity beyond this, and thus is not overbroad.

### D.

The final issue to be resolved is whether the subject ordinance, as claimed by plaintiff, is violative of the equal protection clause of the Fourteenth Amendment. Plaintiff argues that the ordinance infringes on the fundamental right of free speech without the showing of a compelling state interest justifying its enforcement; that on its face, the ordinance is arbitrary and irrational in that the classification it creates has no rational relation to a legiti-

mate governmental purpose delegated to the enacting village; and that the ordinance violates the equal protection clause because its terms promote discriminatory enforcement with attendant dangers of arbitrary application.

▮▮▮▮ Defendants agree with plaintiff that the objectives of their ordinance must bear a rational relationship to a legitimate state purpose; and that discriminatory enforcement of the law can result in violation of equal protection since administrative classifications can give rise to equal protection claims. They point, however, to plaintiff's concession that the village, within its jurisdiction, has an interest in preventing the use of cannabis and other illegal drugs. They disclaim the belief that such prevention will be accomplished merely through enforcement of an ordinance; but they express the expectation that enforcement of this ordinance will prevent convicted drug dealers and users from selling drug paraphernalia within the village, and thereby gaining contacts with a ready market. Defendants argue that the marketing approach and the sale of drug paraphernalia both encourage drug use by youths and that this encouragement will be tempered by the ordinance through the requirement that responsible businesses be conducted under a reasonable license requirement. These objectives, defendants insist, are rational interests, consistent with the health and safety concerns of the village community. To this end, the regulation imposed on plaintiff by the ordinance comports with the same reasonableness that justifies the licensing and regulation of 80 other businesses by the Village of Hoffman Estates.

▮▮▮▮ Again, the court is constrained to agree with defendants. Legislative enactments are presumed valid unless it is shown that the statute or ordinance in question bears no rational relationship to a legitimate legislative purpose. *Williamson v. Lee Optical, Inc.*, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955); *United States v. Kiffer*, 477 F.2d 349 (1973), *cert. denied*, 414 U.S. 831, 94 S.Ct. 62, 38 L.Ed.2d 65. Of

**410**

course, a stricter standard of review is required where the enactment infringes upon the exercise of a fundamental right. *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). However, as decided above, the ordinance does not infringe on any First Amendment right of the plaintiff. Furthermore, there is no conceivable colorable claim of a fundamental constitutional right to sell items which facilitate and encourage the use of illegal drugs. Thus, the ordinance does not violate the equal protection clause if it bears a rational relationship to a legitimate governmental purpose.

Controlling the use of cannabis and other illegal drugs is clearly a legitimate, even compelling, interest of the village of Hoffman Estates. The objectives of the defendants in enacting this ordinance, to prevent convicted drug dealers and users from selling drug paraphernalia and gaining contacts with a ready market, to prevent a marketing approach which encourages and facilitates illegal drug use, and to require that these items be sold by responsible businesses which are reasonably licensed, are rationally related to the compelling interest in controlling drug abuse, well within the proper health and safety concerns of the village.

### III.

For these reasons, it is this court's judgment that on its face and in its application to the plaintiff in this case, the Flipside, Hoffman Estates, Inc., an Illinois corporation, Ordinance No. 969–1978, Municipal Code of the Village of Hoffman Estates, is a valid and constitutional municipal enactment. Therefore, plaintiff is not entitled to injunctive relief, damages, nor to a declaration that the ordinance is unconstitutional. Judgment will be entered in favor of the defendants, each of them; and against the plaintiff. The clerk is ordered to make an appropriate judgment entry in accordance with Rule 58(1), Federal Rules of Civil Procedure.