

# The Attorney General of Texas

January 6, 1981

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

1824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Charles Evans
Chairman
Government Organization Committee
House of Representatives
Austin, Texas 78711

Opinion No. MW-291

Re: Whether cities may enact ordinances regulating possession or sale of drug paraphernalia

Dear Representative Evans:

You have asked whether municipalities have the authority to enact ordinances regulating the possession or sale of drug paraphernalia by an individual or enterprise. Home rule cities may enact any ordinance not inconsistent with the constitution or statutes of the state of Texas. Tex. Const. art. XI, §5; V.T.C.S. art. 1175; Lower Colorado River Authority v. City of San Marcos, 523 S.W. 2d 641 (Tex. 1975). General law cities may enact "ordinances, rules and police regulations, not contrary to the [c]onstitution of this [s]tate, for the good government, peace and order of the [c]ity." V.T.C.S. art. 1011. The answer to your inquiry necessarily depends on whether the proposed ordinances are repugnant to state law, or whether the regulation of the conduct sought to be proscribed by such ordinances has been preempted by state law.

The possession of controlled substance paraphernalia is regulated by the Controlled Substances Act, article 4476-15, V.T.C.S., which provides in section 4.07 as follows:

(a) A person, except a practitioner or a person acting under his direction, commits an offense if he possesses a hypodermic syringe, needle, or other instrument that has on it any quantity (including a trace) of a controlled substance in Penalty Group 1 or 2 with intent to use it for administration of the controlled substance by subcutaneous injection in a human being.

(b) An offense under Subsection (a) is a Class A misdemeanor.

Penal Code section 1.08 provides:

No governmental subdivision or agency may enact or enforce a law that makes any conduct covered by this

p. 929

code an offense subject to a criminal penalty. This section shall apply only as long as the law governing the conduct proscribed by this code is legally enforceable.

Penal Code section 1.08 is made applicable to the Controlled Substances Act by Penal Code section 1.03(b), which provides that the provisions of Titles 1, 2 and 3 of the Penal Code apply to offenses defined by other laws, unless the statute defining the offense provides otherwise.

Since the possession of controlled substance paraphernalia, as defined by section 4.07 of article 4476-15 is punishable as a Class A misdemeanor under the Controlled Substances Act, cities would be preempted by state law from enacting ordinances regulating the same conduct proscribed by section 4.07 as long as section 4.07 is legally enforceable.

However, we recognize that "drug paraphernalia" may be defined to include many more items than "a hypodermic syringe, needle, or other instrument that has on it any quantity (including a trace) of a controlled substance in Penalty Group 1 or 2" intended to be used "for administration of the controlled substance by subcutaneous injection in a human being," which is regulated by section 4.07. "Drug paraphernalia" has been defined to include a variety of objects used to process, package, and administer controlled substances. See Model Drug Paraphernalia Act prepared by the Drug Enforcement Administration of the United States Department of Justice (August 1979). We do not believe that Penal Code section 1.08 would prohibit cities from enacting ordinances regulating the possession and/or sale of drug paraphernalia, other than a hypodermic syringe, needle, or other instrument as described by section 4.07 of article 4476-15, V.T.C.S.

We note, however, that some statutes and ordinances regulating the possession and sale of drug paraphernalia have been held invalid on constitutional grounds. Housworth v. Glisson, 485 F. Supp. 29 (N.D. Ga. 1978), aff'd mem., 614 F. 2d 1295 (5th Cir. 1980) (void for vagueness); High Ol' Times, Inc. v. Busbee, 456 F. Supp. 1035 (N.D. Ga. 1978), aff'd per curiam, 621 F. 2d 141 (5th Cir. 1980) (statute was overbroad and proscribed protected speech). See also Music Stop, Inc. v. City of Ferndale, 488 F. Supp. 390 (E.D. Mich. 1980); Knoedler v. Roxbury Township, 485 F. Supp. 990 (D.N.J. 1980); Record Museum v. Lawrence Township, 481 F. Supp. 768 (D.N.J. 1979) (void for vagueness). Compare Flipside, Hoffman Estates, Inc. v. Village of Hoffman Estates, 485 F. Supp. 400 (N.D. Ill. 1980) (ordinance regulating items designed or marketed for use with illegal drugs does not violate due process clause, equal protection clause, or first amendment). The Model Drug Paraphernalia Act is being challenged on constitutional grounds in Fort Worth, where it was adopted as an ordinance of the city of Fort Worth. Atkins v. Woods, No. CA-4-80-249 (N.D. Tex., filed July 31, 1980). We express no opinion herein regarding the constitutionality of such an ordinance.

## SUMMARY

Section 1.08 of the Penal Code does not prohibit cities from enacting ordinances regulating the possession and/or sale of

drug paraphernalia not presently regulated by section 4.07 of the Controlled Substances Act. Whether a particular ordinance could withstand attack on constitutional grounds is beyond the scope of this opinion.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Gerald C. Carruth
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Acting Chairman
Gerald C. Carruth
Rick Gilpin